1  Michael R. Reese (SBN 206773)
   *mreese@reeserichman.com*
2  **REESE RICHMAN LLP**
   875 Avenue of the Americas, 18th Floor
3  New York, New York  10001
   Telephone: (212) 643-0500
4  Facsimile: (212) 253-4272

5  Clayton D. Halunen (*pro hac vice* to be filed)
   *halunen@halunenlaw.com*
6  Melissa Wolchansky (*pro hac vice* to be filed)
7  *wolchansky@halunenlaw.com*
   **HALUNEN AND ASSOCIATES**
8  1650 IDS Center 80 South 8th Street
   Minneapolis, Minnesota  55402
9  Telephone: (612) 605-4098
10 Facsimile: (612) 605-4099

11 *Attorneys for Plaintiff Hoai Dang and the Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| HOAI DANG, on behalf of himself and all others similarly situated,<br><br>                              Plaintiff,<br><br>       v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>                              Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**<u>CLASS ACTION</u>**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Hoai Dang ("Plaintiff"), by and through his undersigned counsel, alleges the following based upon his own personal knowledge and the investigation of his counsel. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a proposed class action against Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; and Samsung Telecommunications America, LLC (collectively, "Samsung" or "Defendants") for selling consumers smartphones, tablets, and other electronic products that illegally infringe on the patents of others (collectively, the "Products" or "Infringing Products").[1]

2. During the period from January 27, 2008, to the present (the "Class Period"), Defendants sold millions of the Infringing Products to consumers by means of unfair competition because the Products are illegally based on the patents of Samsung's chief rival, Apple Inc. ("Apple").

3. The value of the Products has dropped dramatically since it has been uncovered that Defendants infringed the patents of others in making the Products they sold to consumers.

4. Plaintiff, the Class members, and the California Class members[2] would not have purchased the Products had they known the truth that the Products infringe the patents of others.

5. Plaintiff, the Class members, and the California Class members now seek return of the money they spent to purchase the Products or, alternatively, the money they have lost due to the decrease in value of the Products as a result of Defendants' infringement of the patents of others. Alternatively, Plaintiff, the Class members, and the California Class members seek restitution of the profits Defendants gained by infringing on the patents of others, which have unjustly enriched Defendants. Further, Plaintiff, the Class members, and the California Class members seek an injunction to prevent Defendants from engaging in the behavior described herein in the future.

---

[1] Attached hereto as **Exhibit A** and incorporated by reference herein is a list of the Products at issue.
[2] This Complaint defines the "Class" and the "California Class" in the Class Allegations section below.

**PARTIES**

**Plaintiff Hoai Dang**

6. Plaintiff Hoai "David" Dang is a citizen of California because Plaintiff is domiciled in San Jose, California, and has no intention of changing his domicile.

7. During the Class Period, Plaintiff purchased Defendants' Samsung Galaxy S III device.

8. Had Plaintiff known the Product he purchased infringed on the patents held by Defendants' competitor, Apple, he would not have purchased the Product.

**Defendant Samsung Electronics Co., Ltd.**

9. Samsung Electronics Co., Ltd. ("SEC") is a Korean corporation with its principal offices at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, 443-742, South Korea.

10. On information and belief, SEC is South Korea's largest company and one of Asia's largest electronics companies.

11. SEC designs, manufactures, and provides to United States and world markets a wide range of products, including consumer electronics, computer components, and a myriad of mobile and entertainment products.

**Defendant Samsung Eletronics America, Inc.**

12. Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

13. On information and belief, SEA was formed in 1977 as a subsidiary of SEC and markets, sells, and/or offers for sale a variety of consumer electronics, including TVs, VCRs, DVD and MP3 players, and video cameras, as well as memory chips and computer accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives.

14. On information and belief, SEA also manages the North American operations of Samsung Telecommunications America, LLC; Samsung Electronics Canada; and Samsung Electronics Mexico.

**Defendant Samsung Telecommunications America, LLC**

15. Samsung Telecommunications America, LLC ("STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082.

16. On information and belief, STA was founded in 1996 as a subsidiary of SEC and markets, sells, and/or offers for sale a variety of personal and business communications devices in the United States, including cell phones.

## JURISDICTION

17. This Court has original subject-matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), under 28 U.S.C. § 1332(d), because the aggregate claims of the Class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs, and there is diversity of citizenship between proposed Class members and Defendants.

18. This Court has personal jurisdiction over Defendants for reasons including but not limited to the following: Plaintiff's claims arise out of Defendants' conduct within the State of California, including Defendants' sale of an Infringing Product to Plaintiff within the State of California.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, including Plaintiff's purchase of a Samsung Product that infringed the patents of Samsung's competitor, Apple.

**Intradistrict Assignment**

20. Assignment to the San Jose Division is appropriate under Civil L.R. 3-2(c) and (e) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Santa Clara County, including Plaintiff's purchase of a Samsung Product that infringed the patents of Samsung's competitor, Apple.

**SUBSTANTIVE ALLEGATIONS**

21. During the Class Period, Samsung has repeatedly sold electronic products to consumers that infringe on the patents on others. The consumers were unaware of this fact when they purchased the Products, since Defendants concealed it.

22. Specifically, Samsung has repeatedly infringed the patents of its chief competitor, Apple.

23. As a result of Samsung's patent infringements, Apple has brought two separate actions against Defendants for selling the Infringing Products to consumers. Attached hereto as **Exhibit B** and incorporated by reference herein is a copy of the original Complaint in Apple's first action.[3]

24. As explained in the Amended Complaint in Apple's second action against Samsung:

Samsung has systematically copied Apple's innovative technology and products, features, and designs, and has deluged markets with infringing devices . . . . Instead of pursuing independent product development, Samsung slavishly copied Apple's innovative technology, with its elegant and distinctive user interfaces product design, in violation of Apple's valuable intellectual property rights.[4]

25. Apple continued on to allege in its Amended Complaint as follows:

Rather than innovate and develop its own technology and a unique Samsung style for its smart phone and tablet computer products, Samsung has chosen to copy Apple's technology, user interface, and innovative style in its phone, media player, and tablet computer products.

\* \* \*

Samsung [has] released a series of products in 2010 and early 2011 that slavishly copied Apple's iPhone, iPod, and iPad products.

\* \* \*

Samsung continues to choose to infringe Apple's patent rights through the design and promotion of its mobile phones, tablet computers, and media players to trade upon the goodwill that Apple has developed in connection with its Apple family of mobile products.

\* \* \*

---

[3] Complaint, *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 5:11-cv-01846-LHK (N.D. Cal. Apr. 15, 2011), Dkt. 1.

[4] Amended Complaint, *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 5:12-cv-00630-LHK (N.D. Cal. Aug. 31, 2012), Dkt. 261, at ¶ 2 ("Apple Amended Complaint") (attached hereto as **Exhibit C** and incorporated by reference herein).

These infringing Samsung products include the at least 21 new smartphones, media players, and tablets that Samsung has released beginning in August 2011 and continuing through August 2012. Specifically, Samsung has imported into, offered for sale, or sold in the United States at least the following products, each of which infringes Apple's patent rights: the Galaxy S III, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G Touch, Galaxy S II, Galaxy S II - T-Mobile, Galaxy S II - AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus and Galaxy Tab 8.9 tablets.[5]

26. On August 24, 2012, a jury returned a verdict largely favorable to Apple in Apple's first suit against Samsung.[6] The 2012 jury verdict awarded damages to Apple of $1.05 billion, after deciding that Samsung's products had infringed on Apple's patents.

27. The damages the jury awarded in the first suit were reduced after a second trial last year in which the court recalculated a part of the damages, but Samsung still has to pay Apple about $930 million.[7]

28. The jury in the first action found that Samsung had willfully infringed on Apple's design and utility patents and that a number of Defendants' Products infringed Apple's patents.[8]

29. On August 9, 2013, the International Trade Commission ("ITC") also found that a number of Defendants' Products infringed on the patents of others.[9]

30. As a remedy to Defendants' repeated patent infringements, the ITC ordered an:

> . . . exclusion order prohibiting Samsung from importing certain electronic digital media devices that infringe one or more of claims 1, 4-6, 10, and 17-20 of the '949 patent and claims 1-4 and 8 of the '501 patent.

---

[5] *Id.* at ¶¶ 13–16.

[6] Amended Jury Verdict, *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 5:11-cv-01846-LHK (N.D. Cal. Aug. 24, 2012), Dkt. 1931 ("Amended Jury Verdict").

[7] Judge rules Samsung infringed Apple patent before trial begins | PC World, http://www.pcworld.com/article/2090180/california-court-rules-samsung-infringed-apple-patent-ahead-of-trial.html (last visited Feb. 4, 2014).

[8] *See generally* Amended Jury Verdict.

[9] United States International Trade Commission, *In the Matter of Certain Electronic Digital Media Devices and Components Thereof*, Investigation No. 337-TA-796, Notice of Commission's Final Determination Finding a Violation of Section 337; Issuance of a Limited Exclusion Order and Cease and Desist Orders ("ITC Order"). The ITC Order is attached hereto as **Exhibit D** and incorporated by reference herein.

   The Commission has also determined to issue cease and desist orders prohibiting SEA and STA from further importing, selling, and distributing articles that infringe one or more of claims 1, 4-6, 10, and 17-20 of the '949 patent and claims 1-4 and 8 of the '501 patent in the United States.[10]

31. Most recently, on January 21, 2014, the Honorable Lucy H. Koh of the United States District Court for the Northern District of California ruled in Apple's second action against Samsung that Samsung infringed Apple's patent that discloses a "method, system, and interface" for providing word recommendations that can be selected by users who are entering text into a mobile communication device (*i.e.*, auto correct).[11]

32. Consumers have paid hundreds of millions of dollars for Samsung Products. However, because the Products infringe on the patents of others, the Products are worth significantly less than the prices the consumers paid, resulting in injury and damages to the consumers.

33. Indeed, as reported by a number of articles on the subject, the re-sale value for the Samsung Products has dropped dramatically due to the fact that the Products infringe patents. As explained in one article:

> **Apple court win triggers resale price drop for Android, Samsung devices**
>
> The resale market for Android-based smartphones is reportedly suffering from Apple's $1.05 billion patent trial win on Friday, with at least one major resale site seeing a flood of customers dumping their Samsung devices.
>
> According to online electronics resale site Gazelle.com, the amount of people unloading their Samsung handsets jumped 50 percent over the past three days, causing a 10 percent drop in prices for the devices, reports *MarketWatch*.[12]

34. Moreover, because it is a violation of the Tariff Act of 1930 for any party (either manufacturer, retailer, or end-user) to sell a product that contains an infringing patent, Defendants

---

[10] Exhibit D, at 4.

[11] Order Granting-in-Part and Denying-in-Part Apple's Motion for Partial Summary Judgment and Denying Samsung's Motion for Partial Summary Judgment, *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 5:12-cv-00630-LHK (N.D. Cal. Jan. 1, 2014), Dkt. 1150, at 9–14.

[12] Mikey Campbell, Apple court win triggers resale price drop for Android, Samsung devices, Aug. 28, 2012, http://appleinsider.com/articles/12/08/28/apple_court_win_triggers_drop_in_android_resale_prices (last visited Feb. 4, 2014).

have placed the consumers who purchased its Infringing Products in jeopardy if they try to re-sell the Infringing Products they purchased.

**CLASS ALLEGATIONS**

35. Plaintiff brings this action as a class action pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class" or "Nationwide Class"):

> All persons in the United States who purchased one or more of Samsung's Infringing Products identified in Exhibit A during the Class Period. Excluded from the Class are officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors or assigns, and any entity in which they have or have had a controlling interest.

36. Additionally, or in the alternative, Plaintiff seeks to certify the following class pursuant to Rule 23(a), (b)(2), and (b)(3) (the "California Class"):

> All persons in California who purchased one or more of Samsung's Infringing Products identified in Exhibit A during the Class Period. Excluded from the California Class are officers and directors of Defendants, members of the immediate families of the officers and directors of Defendants, and their legal representatives, heirs, successors or assigns, and any entity in which they have or have had a controlling interest.

37. At this time, Plaintiff does not know the exact number of Class members or California Class members. However, given the nature of the claims and the vast sales of Defendants' Infringing Products, Plaintiff believes the Class members and the California Class members are so numerous that joinder of all members of the Class and/or the California Class is impracticable.

38. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class and the California Class that predominate over questions which may affect individual Class members or individual California Class members include:

    a. Whether Defendants' Products infringe the patents of others;

    b. Whether Defendants omitted and/or misrepresented material facts in connection with sales of the Products;

      c.      Whether Defendants participated in and pursued the common course of conduct complained of herein;

      d.      Whether Defendants' infringement of the patents of others has resulted in monetary injury to Plaintiff and the Class members (or the California Class members);

      e.      Whether Defendants' omission and misrepresentation of material facts in connection with sales of the Products has resulted in monetary injury to Plaintiff and the Class members (or the California Class members).

39. Plaintiff's claims are typical of those of the Class and the California Class because Plaintiff, like all members of the Class and the California Class, purchased one or more of Defendants' Infringing Products in a typical consumer setting and sustained damages from Defendants' wrongful conduct.

40. Plaintiff will adequately protect the interests of the Class and the California Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class or the California Class.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

42. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Federal Rule of Civil Procedure 23(b)(2) are met, as Defendants have acted or refused to act on grounds generally applicable to the Class and the California Class, thereby making appropriate final injunctive or equitable relief with respect to the Class (and the California Class) as a whole.

43. The prosecution of separate actions by members of the Class or the California Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. Additionally, individual actions could be dispositive of the interests of the Class and the California Class, even though certain Class members (and/or certain California Class members) might not be parties to such actions.

44. Defendants' conduct is generally applicable to the Class (and the California Class) as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class (and the

1  California Class) as a whole. As such, Defendants' systematic policies and practices make
2  declaratory relief with respect to the Class (and the California Class) as a whole appropriate.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Breach of Warranty

### (On Behalf of the Nationwide Class)

45. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

46. Plaintiff and the Nationwide Class members each formed a contract with Defendants at the time they purchased the Products.

47. As part of each contract, Defendants warranted that the Products were delivered free of the rightful claims of any third person of patent infringement. These warranties were automatic implied warranties and became part of the basis of the bargain between Plaintiff and the Nationwide Class members, on the one hand, and Defendants, on the other.

48. Plaintiff brings this claim against Defendants on behalf of himself and the Nationwide Class, pursuant to the following state warranty laws:

- A. Ala. Code 1975 §7-2-312;
- B. Alaska Stat. § 45.02.313;
- C. A.R.S. § 47-2312;
- D. A.C.A. § 4-2-312;
- E. Cal. Comm. Code § 2312;
- F. Colo. Rev. Stat. § 4-2-312;
- G. Conn. Gen. Stat. § 42a-2-312;
- H. 6 Del. C. § 2-312;
- I. D.C. Code § 28:2-312;
- J. Fla. Stat. Ann. § 672.312;
- K. Ga. Code Ann., § 11-2-313;
- L. HRS § 490:2-312;

1.     M.    Idaho Code Ann. § 28-2-312;
2.     N.    810 ILCS 5/2-312;
3.     O.    Ind. Code § 26-1-2-312;
4.     P.    Iowa Code § 554.2312;
5.     Q.    Kan. Stat. Ann. § 84-2-312;
6.     R.    Ky. Rev Stat. Ann. § 355.2-312;
7.     S.    Me. Rev. Stat. tit. 11, § 2-312;
8.     T.    Md. Code Ann., Com. Law § 2-312;
9.     U.    Mass. Gen. Laws Ann. ch. 106 § 2-312;
10.     V.    Mich. Comp. Laws Ann. §440.2312;
11.     W.    Minn. Stat. Ann. § 336.2-312;
12.     X.    Miss. Code Ann. § 75-2-312;
13.     Y.    Mo. Ann. Stat. § 400.2-312;
14.     Z.    Mont. Code Ann. Section 30-2-312;
15.     AA.    Neb. Rev. Stat. Ann. § 2-312;
16.     BB.    Nev. Rev. Stat. Ann. § 104.2312;
17.     CC.    N.H. Rev. Stat. Ann. § 382-A:2-312;
18.     DD.    N.J. Stat. Ann. § 12A:2-312;
19.     EE.    N.M. Stat. Ann. § 55-2-312;
20.     FF.    N.Y. U.C.C. Law § 2-312;
21.     GG.    N.C. Gen. Stat. Ann. § 25-2-312;
22.     HH.    N.D. Cent. Code Ann. § 41-02-30;
23.     II.    Ohio Rev. Code Ann. § 1302.25;
24.     JJ.    Okla. Stat. Ann. tit. 12A, § 2-312;
25.     KK.    Or. Rev. Stat. Ann. § 72-3120;
26.     LL.    13 Pa. Cons. Stat. Ann. § 2312;
27.     MM.    R.I. Gen. Laws Ann. § 6A-2-312;
28.     NN.    S.C. Code Ann. § 36-2-312;

1   OO.   S.D. Codified Laws § 57A-2-312;

2   PP.   Tenn. Code Ann. § 47-2-312;

3   QQ.   Tex. Bus. & Com. Code Ann. § 2.312;

4   RR.   Utah Code Ann. § 70A-2-312;

5   SS.   VT. Stat. Ann. tit. 9A, § 2-312;

6   TT.   Va. Code Ann. § 8.2-312;

7   UU.   Wash. Rev. Code Ann. § 62A.2-312;

8   VV.   W. Va. Code Ann. § 46-2-312;

9   WW.   Wis. Stat. Ann. §402.312;

10   XX.   Wyo. Stat. Ann. § 34.1-2-312.

49. Defendants breached the above-identified laws because they sold the Products, which infringed on the patents held by their main competitor, Apple, to Plaintiff and the Nationwide Class.

50. As a result of Defendants' practices, Plaintiff and the Nationwide Class members have suffered damages, as detailed above.

51. As a result of Defendants' acts and practices alleged in this Complaint, Plaintiff, on behalf of himself and all Nationwide Class members, seeks actual damages, in an amount to be proven at trial. Plaintiff, on behalf of himself and all Nationwide Class members, additionally seeks costs and reasonable attorneys' fees.

52. THEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**Unfair and Unlawful Business Acts and Practices,**

**In Violation of the Unfair Competition Law, Bus. & Prof. Code § 17200** *et seq.*

**(On Behalf of the California Class)**

53. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

54. Such acts of Defendants, as described above, and each of them constitute unfair and unlawful business acts and practices.

55. In this regard, Defendants' manufacturing, marketing, advertising, packaging,

1  labeling, distributing, and selling of its Infringing Products violates, *inter alia*, California
2  Commercial Code section 2312, as described in Plaintiff's First Cause of Action above.

3  56. As a result of the business practices described above, Plaintiff and the California
4  Class members, pursuant to Business and Professions Code section 17203, seek an Order enjoining
5  such future conduct on the part of Defendants and such other Orders and Judgments that may be
6  necessary to disgorge Defendants' ill-gotten gains and to restore to any person in interest any money
7  paid for Defendants' Infringing Products as a result of the wrongful conduct of Defendants.

8  57. THEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION

**Violation of the Consumers Legal Remedies Act, Civ. Code § 1750 *et seq.***

**(Injunctive Relief Only)**

**(On Behalf of the California Class)**

13  58. Plaintiff repeats each and every allegation contained in the paragraphs above and
14  incorporates such allegations by reference herein.

15  59. Plaintiff brings this claim pursuant to the Consumers Legal Remedies Act, Civ. Code
16  § 1750 *et seq.* (the "CLRA"). Plaintiff does not seek monetary damages under the CLRA at this
17  point, but instead solely seeks injunctive relief. Plaintiff will amend this Class Action Complaint to
18  seek damages, in accordance with the CLRA, after fulfilling the notice requirement in Civil Code
19  section 1782.

20  60. Defendants' actions, representations, and conduct have violated, and continue to
21  violate, the CLRA because they extend to transactions that are intended to result, or which have
22  resulted, in the sale or lease of goods or services to consumers.

23  61. Plaintiff and other California Class members are "consumers" as the CLRA defines
24  that term in Civil Code section 1761(d).

25  62. The Products that Plaintiff and other members of the California Class purchased from
26  Defendants were "goods" within the meaning of Civil Code section 1761(a).

27  63. By engaging in the actions, misrepresentations, and misconduct set forth in this Class
28  Action Complaint, Defendants have violated, and continue to violate, section 1770(a)(7) of the

1  CLRA.  Specifically, in violation of Civil Code section 1770(a)(7), Defendants' acts and practices
2  constitute unfair methods of competition and unfair or fraudulent acts or practices in that they
3  misrepresent the particular standard, quality, or grade of the goods.

4  64. Plaintiff requests that this Court enjoin Defendants from continuing to employ the
5  unlawful methods, acts, and practices alleged herein, pursuant to Civil Code section 1780(a)(2).  If
6  Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and
7  other members of the California Class will continue to suffer harm.

8  65. THEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### Violation of New York General Business Law § 349

### (On Behalf of the Nationwide Class)

12  66. Plaintiff incorporates by reference and realleges all allegations set forth in the
13  preceding paragraphs.

14  67. Such acts of Defendants, as described above, and each of them constitute deceptive
15  business acts and practices.

16  68. As fully alleged above, by advertising, marketing, distributing, and/or selling the
17  Products that infringe on the patents of others, Defendants engaged in, and continue to engage in,
18  deceptive acts and practices in the conduct of business, trade, and commerce.

19  69. Plaintiff and the other members of the Class seek to enjoin such unlawful deceptive
20  acts and practices described above.  Each of the Class members will be irreparably harmed unless
21  the unlawful actions of the Defendants are enjoined, in that Defendants will continue to advertise,
22  market, distribute, and sell Products that infringe on the patents of others, thus causing monetary
23  injury to Plaintiff and the other members of the Class.  Plaintiff requests that this Court enjoin
24  Defendants from continuing to employ the unlawful deceptive acts and practices alleged herein.  If
25  Defendants are not restrained from engaging in these types of practices in the future, Plaintiff and
26  other members of the Class will continue to suffer harm.

27  70. Absent injunctive relief, Defendants will continue to sell Products to Plaintiff and the
28  other members of the Class that infringe on the patents of others.  This results in a loss of value for

1  the Infringing Products and subjects Plaintiff and the other members of the Class to liability for
2  violation of the Tariff Act of 1930 if and when they re-sell the Products.

3   71.  Defendants have violated, and continue to violate, section 349 of the New York
4  General Business Law ("GBL"), which makes deceptive acts and practices unlawful. As a direct
5  and proximate result of Defendants' violation of GBL section 349 as described above, Plaintiff and
6  the other members of the Class have suffered damages in an amount to be determined at trial.
7  Pursuant to GBL section 349(h), Defendants are liable for the greater of: (1) the actual damages to
8  each Class member; or (2) the statutorily prescribed fifty dollar ($50) minimum per Class member.

9   72.  THEREFORE, Plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION

**Violation of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq.***

**(On Behalf of the Nationwide Class)**

73.  Plaintiff incorporates by reference and realleges all allegations set forth in the preceding paragraphs.

74.  The New Jersey Consumer Fraud Act prohibits, *inter alia*:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise . . . .

N.J.S.A. 56:8-2.

75.  Defendants, in their capacity as marketers, advertisers, promoters, distributors, and sellers of the Products, each constitute a "person" as defined in the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1(d).

76.  The Infringing Products constitute "merchandise" within the meaning of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1(c).

77.  Defendants' acts of advertising, marketing, distributing, and selling Products that infringe on the patents of others without representing this fact to Plaintiff and the other members of the Class are false, deceptive, and misleading statements and/or omissions with respect to the

1 | Products, as described above, and constitute affirmative misrepresentations in connection with the
2 | manufacture, marketing, advertising, promotion, distribution, and sale of the Products, in violation of
3 | the New Jersey Consumer Fraud Act.

4 |     78.    Defendants' false, deceptive, and misleading statements and/or omissions were
5 | material to Plaintiff's and the Class members' decisions to purchase and use the Products.

6 |     79.    Moreover, Defendants made such false, deceptive, and misleading statements and/or
7 | omissions about the Products with the intent that others rely upon such statements.

8 |     80.    Plaintiff and the Class members purchased the Products for personal use and suffered
9 | ascertainable loss as a direct and proximate result of Defendants' actions in violation of the New
10 | Jersey Consumer Fraud Act.

11 |     81.    As a consequence of Defendants' wrongful actions, Plaintiff and the members of the
12 | Class suffered actual damages in that they would not have purchased the Products if they had known
13 | that the Products infringe on patents of others.

14 |     82.    By reason of the foregoing, Defendants must be enjoined, to prevent future unlawful
15 | conduct on the part of Defendants.  Further, Plaintiff requests such other Orders and Judgments as
16 | may be necessary to force Defendants to halt the mislabeling or deceptive marketing or sale of the
17 | Products.

18 |     83.    Additionally, Plaintiff seeks reasonable attorneys' fees, filing fees, and costs of suit.
19 | N.J.S.A. §§ 56:8-2.11, 56:8-2.12, 56:8-2.19.

20 |     84.    THEREFORE, Plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION

**Restitution / Unjust Enrichment**

**(Under California, New Jersey, and New York law)**

**(On Behalf of the Nationwide Class)**

**(In the Alternative)**

26 |     85.    Plaintiff realleges and incorporates the above paragraphs of this class action
27 | Complaint as if set forth herein.

28 |     86.    Plaintiff brings this claim in the alternative to his First, Second, Third, Fourth, and

Fifth Causes of Action.

87. As a result of Defendants' unfair and unlawful sales of its Infringing Products, Defendants were unjustly enriched at the expense of Plaintiff and the Class members, through the payment of the purchase price for Defendants' Products.

88. Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits they received from Plaintiff and the members of the Class, in light of the fact that the Products purchased by Plaintiff and the members of the Class infringed on the patents of others. Thus, it would be unjust or inequitable for Defendants to retain the benefit without restitution to Plaintiff and the members of the Class for the monies paid to Defendants for such Products.

**PRAYER FOR RELIEF**

THEREFORE, Plaintiff demands judgment as follows:

A. For an Order certifying the proposed Class and the proposed California Class under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3); appointing Plaintiff as representative of the Class and the California Class; and appointing his undersigned counsel as class counsel;

B. For a Declaration that Defendants are financially responsible for notifying Class members and California Class members of the pendency of this suit;

C. For an award of restitution pursuant to Business and Professional Code sections 17203 and 17535;

D. For an award of disgorgement pursuant to Business and Professional Code sections 17203 and 17535;

E. For an injunction prohibiting Defendants from engaging in the above-described conduct in the future;

F. For an Order requiring Defendants to (i) inform consumers that the Products infringe the patents of others and (ii) replace the Products with products that do not infringe the patents of others;

G. Monetary damages, including, but not limited to, any compensatory, incidental, or consequential damages in an amount to be determined at trial, together with prejudgment interest at

the maximum rate allowable by law with respect to the common law claims alleged;

H.     Statutory damages in the maximum amount provided by law;

I.     Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

J.     For an Order awarding Plaintiff, the Class members, and the California Class members the reasonable costs and expenses of suit, including their attorneys' fees; and

K.     For any further relief that the Court may deem appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: February 4, 2014              Respectfully submitted,

**REESE RICHMAN LLP**
By:  /s/ Michael R. Reese
Michael R. Reese (SBN 206773)
*mreese@reeserichman.com*
875 Avenue of the Americas, 18th Floor
New York, New York  10001
Telephone:  (212) 643-0500
Facsimile:  (212) 253-4272

- and -

Clayton D. Halunen
*halunen@halunenlaw.com*
Melissa Wolchansky
*wolchansky@halunenlaw.com*
**HALUNEN AND ASSOCIATES**
1650 IDS Center 80 South 8th Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*Attorneys for Plaintiff Hoai Dang and the Proposed Class*