# Exhibit B
# (Part II)

*Dang et al. v. Samsung Electronics Co., Ltd. et al.*

No. 5:14-cv-00530

Amended Class Action Complaint

United States District Court

Northern District of California

**Infringement of Apple's Trade Dress**

61. Samsung announced its Galaxy line of Android-based smart phones in March of 2010 in South Korea. The original model, Galaxy S i9000, is shown below side by side with an iPhone 3GS.

<u>Apple iPhone 3GS</u>




<u>Galaxy S i9000</u>







62. Each of Samsung's Galaxy phones embodies a combination of several elements of the Apple Product Configuration Trade Dress identified above, namely, a product configuration with

- a rectangular product shape with all four corners uniformly rounded;
- the front surface of the product dominated by a screen surface with black borders;
- substantial black borders above and below the screen having roughly equal width and narrower black borders on either side of the screen having roughly equal width;
- a metallic surround framing the perimeter of the top surface;
- a display of a grid of colorful square icons with uniformly rounded corners; and
- a bottom row of icons set off from the other icons and that do not change as the other pages of the user interface are viewed.

63. Samsung also imitated Apple's Product Packaging Trade Dress:




Samsung's packaging includes:

- a rectangular box with metallic silver lettering and a large front-view picture of the product prominently on the top surface of the box;
- a two-piece box wherein the bottom piece is completely nested in the top piece; and
- use of a design that cradles products to make them immediately visible upon opening the box.

64. As shown below, Samsung's Galaxy Tab computer tablet also slavishly copies a combination of several elements of the Apple Product Configuration Trade Dress.




**Samsung Tab**

Specifically, the Samsung computer tablet has:

- rectangular product shape with all four corners uniformly rounded;
- front surface of the product dominated by a screen surface with black borders;
- substantial black borders on all sides being roughly equal in width; and
- a display of a grid of colorful square icons with uniformly rounded corners.

65. Samsung's Galaxy Tab computer tablet packaging also features key elements of the Apple Product Packaging Trade Dress for Apple's iPad products.





The following Apple Product Packaging Trade Dress is incorporated in the Samsung Galaxy Tab tablet computer products:

- a rectangular box with metallic silver lettering and a large front-view picture of the product prominently on the top surface of the box;
- a two-piece box wherein the bottom piece is completely nested in the top piece; and
- use of a design that cradles products to make them immediately visible upon opening the box.

**Infringement of Apple's Trademarks**

66. In addition to copying Apple's Product Trade Dress, Samsung has also copied numerous application icons in which Apple had valid trademark rights, as shown below:

Apple Icons | Samsung Icons



| Apple Icons | Samsung Icons |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

67. Moreover, the icon that Samsung uses for its music application is virtually identical to the iTunes "Eighth Note and CD" logo that Apple has registered with the United States Patent and Trademark Office:

Apple Icon



Samsung Icon



68. Samsung's adoption of a trade dress that slavishly copies the Apple Product Trade Dress and its use of various icons that infringe Apple's trademark rights is likely to cause confusion or mistake, or to deceive consumers, purchasers, and others into thinking that Samsung products are Apple products, or that they are sponsored by or affiliated with Apple, when they are not. The copying is particularly problematic because the Samsung Galaxy products are the type of products that will be used in public—on the bus, in cafes, in stores, or at school, where third parties, who were not present when the products were purchased, will associate them with Apple because they have the unmistakable Apple look that is created from the various elements of the Apple Trade Dress.

69. Of significant concern for Apple is that Apple devotes a tremendous amount of resources—technical research and development *and* design resources—to develop its cutting edge products. Part of the cachet of Apple products is the very fact that they consistently stand-out from all of the other products on the market. Apple's goodwill among consumers is closely tied to its position as an outlier in technology and communications products, which causes each release of a new product to be highly anticipated among consumers who want to be among the early adopters of the newest Apple product. Samsung's flagrant and relentless copying of Apple's intellectual property rights in its Galaxy family of products not only allows Samsung to

reap benefits from Apple's investment, it also threatens to diminish the very important goodwill that Apple has cultivated with its products.

70. On information and belief Samsung's marketing has played up the similarities between its Galaxy family of phones and the Apple iPhone. On information and belief, Samsung's mobile phones were marketed as the phone that is the closest to the iPhone—for consumers who wanted a product with the distinctive Apple look, but who did not want to pay for the real product.

71. Apple's efforts to address Samsung's pervasive copying of Apple's innovations and intellectual property directly with Samsung have been unsuccessful. Apple is left with no choice but to file this lawsuit in order to protect one of its most valuable assets—the technology used in and the designs of the iPhone, iPod touch, and the iPad.

**FIRST CLAIM FOR RELIEF**

**(Trade Dress Infringement)**

**(Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

72. Apple incorporates and realleges paragraphs 1 through 71 of this Complaint.

73. Apple is the owner of all right and title to the distinctive iPhone, iPod touch, and iPad trade dress. The Apple Product Configuration Trade Dress, as embodied in the Apple iPhone, iPod touch, and iPad products, has acquired secondary meaning, and is not functional. In addition, the Apple Product Packaging Trade Dress, embodied in the packaging for the Apple iPhone and iPad devices, is inherently distinctive and not functional.

74. In addition, based on extensive and consistent advertising, promotion and sales throughout the United States, the Apple Product Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Apple as the source of these products.

75. Apple's extensive promotion of the distinctive Apple Product Trade Dress has resulted in Apple's acquisition of valuable, legally protected rights in the Apple Product Trade Dress as well as considerable customer goodwill.

76. The Samsung Galaxy line of products has misappropriated the Apple Product Trade Dress by mimicking a combination of several elements of that trade dress.

77. Samsung's manufacture and distribution of the Samsung Galaxy products with packaging, product design, and product user interface features that mimic a combination of several elements of the Apple Product Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or commercial activities.

78. Samsung's manufacture and distribution of the Samsung Galaxy line of products with packaging, product design and product user interface features that mimic a combination of several elements of the Apple Product Trade Dress enables Samsung to benefit unfairly from Apple's reputation and success, thereby giving Samsung's infringing products sales and commercial value they would not have otherwise.

79. Samsung's actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

80. Samsung knew of Apple's Product Trade Dress when it designed its Galaxy line of products, and has refused to change its product or packaging design in response to Apple's repeated objections. Accordingly, Samsung's infringement has been and continues to be intentional, willful and without regard to Apple's Product Trade Dress.

81. Apple has been and will continue to be irreparably harmed and damaged by Samsung's conduct, and Apple lacks an adequate remedy at law to compensate for this harm and damage.

82. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the Apple Product Trade Dress.

83. Apple also has sustained damages as a direct and proximate result of Samsung's infringement of the Apple Product Trade Dress in an amount to be proven at trial.

84. Because Samsung's actions have been willful, Apple is entitled to treble its actual damages or Samsung's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**SECOND CLAIM FOR RELIEF**

**(Federal Trade Dress Infringement)**

**(15 U.S.C. § 1114)**

85. Apple incorporates and realleges paragraphs 1 through 84 of this Complaint.

86. Apple owns three registrations for the design and configuration of the iPhone.

87. U.S. Registration No. 3,470,983 is for the overall design of the product, including the rectangular shape, the rounded corners, the silver edges, the black face, and the display of sixteen colorful icons.

88. U.S. Registration No. 3,457,218 is for the configuration of a rectangular handheld mobile digital electronic device with rounded corners.

89. U.S. Registration No. 3,475,327 is for a rectangular handheld mobile digital electronic device with a gray rectangular portion in the center, a black band above and below the gray rectangle and on the curved corners, and a silver outer border and side.

90. The Samsung Galaxy line of products copy and infringe these three trade dress registrations (collectively, "Apple's Registered Trade Dress").

91. Samsung's manufacture and distribution of the Samsung Galaxy products with packaging, product design, and product user interface features that copy a combination of several elements of Apple's Registered Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or commercial activities.

92. Samsung's manufacture and distribution of the Samsung Galaxy line of products with packaging, product design and product user interface features that copy a combination of several elements of Apple's Registered Trade Dress enables Samsung to benefit unfairly from Apple's reputation and success, thereby giving Samsung's infringing products sales and commercial value they would not have otherwise.

93. Prior to Samsung's first use of Apple's Registered Trade Dress, Samsung was aware of Apple's business and had either actual notice and knowledge, or constructive notice of

Apple's Registered Trade Dress, and has refused to change its product or packaging design in response to Apple's repeated objections.

94. Samsung's unauthorized use of a trade dress for its Galaxy product line that infringes Apple's Registered Trade Dress is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of the Samsung Galaxy line of products and/or to cause confusion or mistake as to any affiliation, connection or association between Apple and Samsung, in violation of 15 U.S.C. § 1114(a).

95. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of Apple's Registered Trade Dress as described herein has been and continues to be intentional, willful and without regard to Apple's Registered Trade Dress.

96. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of Apple's Registered Trade Dress.

97. Apple will suffer and is suffering irreparable harm from Samsung's infringement of Apple's Registered Trade Dress insofar as Apple's invaluable goodwill is being eroded by Samsung's continuing infringement. Apple has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and good will flowing from the Samsung's infringing activities. Pursuant to 15 U.S.C. § 1116, Apple is entitled to an injunction against Samsung's continuing infringement of Apple's Registered Trade Dress. Unless enjoined, Samsung will continue its infringing conduct.

98. Because Samsung's actions have been committed with intent to damage Apple and to confuse and deceive the public, Apple is entitled to treble its actual damages or Samsung's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

## THIRD CLAIM FOR RELIEF

**(Federal Trademark Infringement)**

**(15 U.S.C. § 1114)**

99. Apple incorporates and realleges paragraphs 1 through 98 of this Complaint.

100. Apple owns seven federal trademark registrations for the distinctive and colorful square application icons used in the user interface for the iPhone, iPod touch, and iPad Registered Icon Trademarks, i.e., the Registered Icon Trademarks.

101. The Samsung Galaxy line of products has infringed the Registered Icon Trademarks by using variations of those application icons in Samsung's products. The Samsung Galaxy line of products have also infringed Apple's registered iTunes Eighth Note and CD Logo.

102. Samsung's use of its infringing application icons is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or commercial activities.

103. Samsung's use of the infringing application icons enables Samsung to benefit unfairly from Apple's reputation and success, thereby giving Samsung's infringing products sales and commercial value they would not have otherwise.

104. Prior to Samsung's first use of the infringing application icons, Samsung was aware of Apple's business and had either actual notice and knowledge, or constructive notice of, Apple's Registered Icon Trademarks.

105. Samsung's unauthorized use of the infringing application icons is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of the Samsung Galaxy line of products and/or to cause confusion or mistake as to any affiliation, connection or association between Apple and Samsung, in violation of 15 U.S.C. § 1114(a).

106. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of Apple's Registered Icon Trademarks as described herein has been and continues to be intentional, willful and without regard to Apple's rights.

107. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of Apple's Registered Icon Trademarks.

108. Apple will suffer and is suffering irreparable harm from Samsung's infringement of Registered Icon Trademarks insofar as Apple's invaluable good will is being eroded by

Case3:11-cv-01846-LHK Document1 Filed04/15/11 Page30 of 219

Samsung's continuing infringement. Apple has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and good will flowing from the Samsung's infringing activities. Pursuant to 15 U.S.C. § 1116, Apple is entitled to an injunction against Samsung's continuing infringement of Apple's Registered Icon Trademarks. Unless enjoined, Samsung will continue its infringing conduct.

109. Because Samsung's actions have been committed with intent to damage Apple and to confuse and deceive the public, Apple is entitled to treble its actual damages or Samsung's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

## FOURTH CLAIM FOR RELIEF

**(Common Law Trademark Infringement)**

110. Apple incorporates and realleges paragraphs 1 through 109 of this Complaint.

111. Apple has prior rights in Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.

112. The Samsung Galaxy line of products have infringed Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark by using identical or similar application icons in Samsung's products.

113. Samsung's use of its infringing application icons is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Samsung with Apple, or as to the origin, sponsorship, or approval by Apple of Samsung's goods, services or commercial activities.

114. Samsung's use of the infringing application icons enables Samsung to benefit unfairly from Apple's reputation and success, thereby giving Samsung's infringing products sales and commercial value they would not have otherwise.

115. Prior to Samsung's first use of the infringing application icons, Samsung was aware of Apple's business and had either actual notice and knowledge, or constructive notice of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.

116. Samsung's unauthorized use of the infringing application icons is likely, if not certain, to deceive or to cause confusion or mistake among consumers as to the origin, sponsorship or approval of the Samsung Galaxy line of products and/or to cause confusion or mistake as to any affiliation, connection or association between Apple and Samsung, in violation of 15 U.S.C. § 1114(a).

117. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark as described herein has been and continues to be intentional, willful and without regard to Apple's rights in its Registered Icon Trademarks and the Purple iTunes Store Trademark.

118. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark.

119. Apple will suffer and is suffering irreparable harm from Samsung's infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark insofar as Apple's invaluable good will is being eroded by Samsung's continuing infringement. Apple has no adequate remedy at law to compensate it for the loss of business reputation, customers, market position, confusion of potential customers and good will flowing from the Samsung's infringing activities. Apple is entitled to an injunction against Samsung's continuing infringement of Apple's Registered Icon Trademarks and the Purple iTunes Store Trademark. Unless enjoined, Samsung will continue its infringing conduct.

120. Because Samsung's actions have been committed with intent to damage Apple and to confuse and deceive the public, Apple is entitled to treble its actual damages or Samsung's profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and 1117(b).

## FIFTH CLAIM FOR RELIEF

**(Unfair Business Practices – California Business and Professions Code § 17200, *et seq.*)**

121. Apple incorporates and realleges paragraphs 1 through 120 of this Complaint.

122. The acts of Samsung described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 17200, *et seq.*

123. Apple has valid and protectable prior rights in the Apple Product Trade Dress, the Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, the Purple iTunes Store Trademark, and the Registered Icon Trademarks. The Apple Product Trade Dress and the Registered Trade Dress do not serve any function other than to identify Apple as the source of its mobile products. The Apple Product Trade Dress and the Registered Trade Dress are inherently distinctive, and, through Apple's long use, have come to be associated solely with Apple as the source of the products on which it is used.

124. Samsung's use of its infringing trade dress is likely to cause confusion as to the source of Samsung's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Samsung and Apple or that Samsung's products are affiliated with or sponsored by Apple.

125. The above-described acts and practices by Samsung are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

126. The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and trademark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq.*

127. Samsung acted willfully and intentionally in designing its infringing trade dress, with full knowledge of Samsung's prior rights in the distinctive Apple Product Trade Dress, Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, the Purple iTunes Store Trademark, and the Registered Icon Trademarks and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Samsung and Apple or between Samsung's products and Apple's products.

128. The unlawful and fraudulent business practices of Samsung described above present a continuing threat to, and is meant to deceive members of, the public in that Samsung

continues to promote its products by wrongfully trading on the goodwill of the Apple Product Trade Dress, Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, Purple iTunes Store Trademark, and the Registered Icon Trademarks.

129. As a direct and proximate result of these acts, Samsung has received, and will continue to profit from, the strength of the Apple Product Trade Dress, Registered Trade Dress, the iTunes Eighth Note and CD Design Trademark, the Purple iTunes Store Trademark, and the Registered Icon Trademarks.

130. As a direct and proximate result of Samsung's wrongful conduct, Apple has been injured in fact and has lost money and profits, and such harm will continue unless Samsung's acts are enjoined by the Court. Apple has no adequate remedy at law for Samsung's continuing violation of Apple's rights.

131. Samsung should be required to restore to Apple any and all profits earned as a result of their unlawful and fraudulent actions, or provide apple with any other restitutionary relief as the Court deems appropriate.

## SIXTH CLAIM FOR RELIEF

**(Unjust Enrichment)**

132. Apple incorporates and realleges paragraphs 1 through 131 of this Complaint.

133. As a result of the conduct alleged herein, Samsung has been unjustly enriched to Apple's detriment. Apple seeks a worldwide accounting and disgorgement of all ill gotten gains and profits resulting from Samsung's inequitable activities.

## SEVENTH CLAIM FOR RELIEF

**(Infringement of the '022 Patent)**

134. Apple incorporates and realleges paragraphs 1 through 133 of this Complaint.

135. Samsung has infringed and continues to infringe one or more claims of the '022 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

**EIGTH CLAIM FOR RELIEF**

**(Infringement of the '381 Patent)**

136. Apple incorporates and realleges paragraphs 1 through 135 of this Complaint.

137. Samsung has infringed and continues to infringe one or more claims of the '381 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

**NINTH CLAIM FOR RELIEF**

**(Infringement of the '134 Patent)**

138. Apple incorporates and realleges paragraphs 1 through 137 of this Complaint.

139. Samsung has infringed and continues to infringe one or more claims of the '134 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

**TENTH CLAIM FOR RELIEF**

**(Infringement of the '828 Patent)**

140. Apple incorporates and realleges paragraphs 1 through 139 of this Complaint.

141. Samsung has infringed and continues to infringe one or more claims of the '828 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

**ELEVENTH CLAIM FOR RELIEF**

**(Infringement of the '915 Patent)**

142. Apple incorporates and realleges paragraphs 1 through 141 of this Complaint.

143. Samsung has infringed and continues to infringe one or more claims of the '915 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

**TWELFTH CLAIM FOR RELIEF**

**(Infringement of the '891 Patent)**

144. Apple incorporates and realleges paragraphs 1 through 143 of this Complaint.

145. Samsung has infringed and continues to infringe one or more claims of the '891 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

**THIRTEENTH CLAIM FOR RELIEF**

**(Infringement of the '533 Patent)**

146. Apple incorporates and realleges paragraphs 1 through 145 of this Complaint.

147. Samsung has infringed and continues to infringe one or more claims of the '533 Patent by using, selling and/or offering to sell, in the United States and/or importing into the United States, one or more of the Samsung mobile communication devices identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

**FOURTEENTH CLAIM FOR RELIEF**

**(Infringement of the 'D790 Patent)**

148. Apple incorporates and realleges paragraphs 1 through 147 of this Complaint.

149. Samsung has infringed and continues to infringe the 'D790 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Samsung mobile communication devices identified in this Complaint, which embody the design covered by the 'D790 design patent.

**FIFTEENTH CLAIM FOR RELIEF**

**(Infringement of the 'D016 Patent)**

150. Apple incorporates and realleges paragraphs 1 through 149 of this Complaint.

151. Samsung has infringed and continues to infringe the 'D016 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Samsung mobile communication devices identified in this Complaint, which embody the design covered by the 'D016 design patent.

## SIXTEENTH CLAIM FOR RELIEF

**(Infringement of the 'D677 Patent)**

152. Apple incorporates and realleges paragraphs 1 through 151 of this Complaint.

153. Samsung has infringed and continues to infringe the 'D677 Patent by using, selling and/or offering to sell in the United States, and/or importing into the United States one or more of the Samsung mobile communication devices identified in this Complaint, which embody the design covered by the 'D677 design patent.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for relief, as follows:

1. A judgment that Samsung has infringed one of more claims of each of Apple's asserted patents;

2. An order and judgment preliminarily and permanently enjoining Samsung and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Apple's asserted patents;

3. A judgment awarding Apple all damages adequate to compensate for Samsung's infringement of Apple's asserted patents, and in no event less than a reasonable royalty for Samsung's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. A judgment awarding Apple all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest

5. An order preliminarily and permanently enjoining Samsung and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Apple Product Trade Dress, Registered Icon Trademarks, Purple iTunes Store Trademark, and iTunes Eighth Note and CD Design Trademark, or using any other product or packaging design or designations similar to or likely to cause confusion with the Apple Product Trade Dress, Registered Icon Trademarks, Purple iTunes Store Trademark, and iTunes

Eighth Note and CD Design Trademark; from passing off Samsung's products as being associated with and or sponsored or affiliated with Apple; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Apple; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Apple.

6. Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

7. Reasonable funds for future corrective advertising;

8. An accounting of Samsung's profits pursuant to 15 U.S.C. § 1117;

9. A judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

10. Punitive damages pursuant to California Civil Code § 3294;

11. Restitutionary relief against Samsung and in favor of Apple, including disgorgement of wrongfully obtained profits and any other appropriate relief;

12. Costs of suit and reasonable attorneys' fees; and

13. Any other remedy to which Apple may be entitled, including all remedies provided for in 15 U.S.C. § 1117, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 17500, *et seq.*, and under any other California law.

Dated: April 15, 2011

HAROLD J. MCELHINNY
MICHAEL A. JACOBS
JENNIFER LEE TAYLOR
JASON R. BARTLETT
MORRISON & FOERSTER LLP

By: [signature]
MICHAEL A. JACOBS

Attorneys for Plaintiff
APPLE INC.

Case5:11-cv-01846-LHK Document1 Filed04/15/11 Page38 of 219

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple hereby demands trial by jury on all issues raised by the Complaint.

Dated: April 15, 2011

HAROLD J. MCELHINNY
MICHAEL A. JACOBS
JENNIFER LEE TAYLOR
JASON R. BARTLETT
MORRISON & FOERSTER LLP

By: [signature]
MICHAEL A. JACOBS

Attorneys for Plaintiff
APPLE INC.