# Exhibit C

*Dang et al. v. Samsung Electronics Co., Ltd. et al.*
No. 5:14-cv-00530
Amended Class Action Complaint
United States District Court
Northern District of California

JOSH A. KREVITT (CA SBN 208552)
jkrevitt@gibsondunn.com
H. MARK LYON (CA SBN 162061)
mlyon@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone: (650) 849-5300
Facsimile: (650) 849-5333

HAROLD J. MCELHINNY (CA SBN 66781)
hmcelhinny@mofo.com
MICHAEL A. JACOBS (CA SBN 111664)
mjacobs@mofo.com
RICHARD S.J. HUNG (CA SBN 197425)
rhung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

*Attorneys for Plaintiff and Counterclaim Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., a California corporation,<br><br>Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 12-cv-00630-LHK (PSG)<br><br>JURY TRIAL DEMAND<br><br>AMENDED COMPLAINT FOR PATENT INFRINGEMENT |
| SAMSUNG ELECTRONICS CO., LTD., a Korean corporation; SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,<br><br>Counterclaim-Plaintiffs,<br>v.<br><br>APPLE INC., a California corporation,<br><br>Counterclaim-Defendant. | |

Plaintiff Apple Inc. ("Apple") complains and alleges as follows against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively "Samsung").

## THE NATURE OF THE ACTION

1. Apple revolutionized the market in personal computing devices. Apple's iconic mobile devices, including the iPhone and iPad, are now among the most distinctive and successful products in the world. The revolutionary patented design and user experience of these products are the result of Apple's massive investment in innovation and have contributed to the extraordinary acclaim and success of Apple's products.

2. Samsung has systematically copied Apple's innovative technology and products, features, and designs, and has deluged markets with infringing devices in an effort to usurp market share from Apple. Instead of pursuing independent product development, Samsung slavishly copied Apple's innovative technology, with its elegant and distinctive user interfaces product design, in violation of Apple's valuable intellectual property rights.

3. In April 2011, Apple sued Samsung in this Court for a previous round of products that infringe intellectual property rights related to Apple's iPhone and iPad mobile devices: *Apple Inc. v. Samsung Electronics Co., Ltd., et al.*, Case No. 5:11-cv-01846-LHK, which is set for trial before the Honorable Lucy H. Koh on July 30, 2012 (hereinafter the "Earlier Case"). Despite that lawsuit, Samsung has continued to flood the market with copycat products, including at least 17 new infringing products released prior to filing the original complaint in the instant action. Since then, Samsung has continued to release new infringing products, including its current flagship device, the Galaxy S III. While Samsung's new products infringe many of the same design patents, utility patents, trademarks, and trade dress rights that are at issue in the Earlier Case, Samsung's new products also infringe additional utility patents, some of which issued after Apple filed the Earlier Case.

4. Apple is filing this suit to put an end to Samsung's continued infringement.

## THE PARTIES

5. Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

6. Samsung Electronics Co., Ltd. (referred to individually herein as "SEC") is a Korean corporation with its principal offices at 416 Maetan-3dong, Yeongtong-gu, Suwon-City, Gyeonggi-do, 443-742, South Korea. On information and belief, SEC is South Korea's largest company and one of Asia's largest electronics companies. SEC designs, manufactures, and provides to the U.S. and world markets a wide range of products, including consumer electronics, computer components, and myriad mobile and entertainment products.

7. Samsung Electronics America, Inc. (referred to individually herein as "SEA") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. On information and belief, SEA was formed in 1977 as a subsidiary of SEC and markets, sells, and/or offers for sale a variety of consumer electronics, including TVs, VCRs, DVD and MP3 players, and video cameras, as well as memory chips and computer accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives. On information and belief, SEA also manages the North American operations of Samsung Telecommunications America, Samsung Electronics Canada, and Samsung Electronics Mexico.

8. Samsung Telecommunications America, LLC (referred to individually herein as "STA") is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, Texas 75082. On information and belief, STA was founded in 1996 as a subsidiary of SEC and markets, sells, and/or offers for sale a variety of personal and business communications devices in the United States, including cell phones.

## JURISDICTION

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks).

10. This Court has personal jurisdiction over SEC, SEA, and STA because each of these Samsung entities has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and places infringing products into the stream of commerce, with the

Case5:12-cv-00630-LHK Document1-1 Filed02/08/12 Page4 of 15

knowledge or understanding that such products are sold in the State of California, including in this District. The acts by SEC, SEA, and STA cause injury to Apple within this District. Upon information and belief, SEC, SEA, and STA derive substantial revenue from the sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

## VENUE AND INTRADISTRICT ASSIGNMENT

11. Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because Samsung transacts business within this District and offers for sale in this District products that infringe the Apple patents. In addition, venue is proper because Apple's principal place of business is in this District and Apple suffered harm in this District. Moreover, a substantial part of the events giving rise to the claims occurred in this District. Pursuant to Local Rule 3-2(c), intellectual property actions are assigned on a district-wide basis. Further, SEC has counterclaimed against Apple in this District, and its accusations with respect to its purportedly owned patents have had harmful effects in this District.

## BACKGROUND

### *APPLE'S INTELLECTUAL PROPERTY RIGHTS*

### Apple's Utility Patents

12. Apple has protected its innovative designs and cutting-edge technologies through a broad range of intellectual property rights. Among the patents that Apple has been awarded are the utility patents listed below, attached as Exhibits 1-8, to which Apple owns all rights, title, and interest. Four of these patents were issued after Apple filed the Earlier Case, and none is at issue in that case.

| Patent Number | Title |
|---|---|
| 5,946,647 (the "'647 Patent") | System and method for performing an action on a structure in computer-generated data |
| 6,847,959 (the "'959 Patent") | Universal interface for retrieval of information in a computer system |
| 8,046,721 (the "'721 Patent") | Unlocking a device by performing gestures |

Case5:12-cv-00630-LHK Document1-26 Filed02/08/12 Page6 of 15

| Patent Number | Title |
|---|---|
| | on an unlock image |
| 8,074,172 (the "'172 Patent") | Method, system, and graphical user interface for providing word recommendations |
| 8,014,760 (the "'760 Patent") | Missed telephone call management for a portable multifunction device |
| 5,666,502 (the "'502 Patent") | Graphical user interface using historical lists with field classes |
| 7,761,414 (the "'414 Patent") | Asynchronous data synchronization amongst devices |
| 8,086,604 (the "'604 Patent") | Universal interface for retrieval of information in a computer system |

## ***SAMSUNG'S INFRINGING PRODUCTS***

13. Rather than innovate and develop its own technology and a unique Samsung style for its smart phone and tablet computer products, Samsung has chosen to copy Apple's technology, user interface, and innovative style in its phone, media player, and tablet computer products.

14. As detailed in the Amended Complaint in the Earlier Case, Samsung released a series of products in 2010 and early 2011 that slavishly copied Apple's iPhone, iPod, and iPad products.

15. Samsung continues to choose to infringe Apple's patent rights through the design and promotion of its mobile phones, tablet computers, and media players to trade upon the goodwill that Apple has developed in connection with its Apple family of mobile products.

16. These infringing Samsung products include the at least 21 new smartphones, media players, and tablets that Samsung has released beginning in August 2011 and continuing through August 2012. Specifically, Samsung has imported into, offered for sale, or sold in the United States at least the following products, each of which infringes Apple's patent rights: the Galaxy S III, Galaxy S III – Verizon, Galaxy Note, Galaxy S II Skyrocket, Galaxy S II Epic 4G

Touch, Galaxy S II, Galaxy S II - T-Mobile, Galaxy S II - AT&T, Galaxy Nexus, Illusion, Captivate Glide, Exhibit II 4G, Stratosphere, Transform Ultra, Admire, Conquer 4G, and Dart smartphones, the Galaxy Player 4.0 and Galaxy Player 5.0 media players, and the Galaxy Note 10.1, Galaxy Tab 7.0 Plus and Galaxy Tab 8.9 tablets.

**Infringement of Apple's Patents**

17. Samsung's infringement of the Apple utility patents identified in this Complaint provides Samsung with unique functionality for its products that is the result of Apple's innovation, not Samsung's. Samsung has not obtained permission from Apple to use its inventions in the identified utility patents.

**FIRST CLAIM FOR RELIEF**

**(Infringement of the '647_Patent)**

18. Apple incorporates and realleges paragraphs 1 through 17 of this Complaint.

19. Samsung has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '647 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of Samsung's smartphones, media players, and/or tablets, including those products identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

20. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '647 Patent has been and continues to be intentional, willful, and without regard to Apple's rights. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '647 patent is and has been intentional, deliberate, and willful at least because it had knowledge of the '647 patent through direct or indirect communications with Apple and/or as a result of its participation in the personal computing devices industry.

21. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '647 Patent.

22. Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '647 Patent.

Case5:11-cv-00630-LHK Document261 Filed09/04/12 Page8 of 15

23. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '647 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '647 Patent. Unless enjoined, Samsung will continue its infringing conduct.

**SECOND CLAIM FOR RELIEF**

**(Infringement of the '959 Patent)**

24. Apple incorporates and realleges paragraphs 1 through 23 of this Complaint.

25. Samsung has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '959 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of Samsung's smartphones, media players, and/or tablets, including those products identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

26. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '959 Patent has been and continues to be intentional, willful, and without regard to Apple's rights. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '959 patent is and has been intentional, deliberate, and willful at least because it had knowledge of the '959 patent through direct or indirect communications with Apple and/or as a result of its participation in the personal computing devices industry.

27. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '959 Patent.

28. Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '959 Patent.

29. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '959 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '959 Patent. Unless enjoined, Samsung will continue its infringing conduct.

**THIRD CLAIM FOR RELIEF**

**(Infringement of the '721 Patent)**

30. Apple incorporates and realleges paragraphs 1 through 29 of this Complaint.

31. Samsung has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '721 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of Samsung's smartphones, media players, and/or tablets, including those products identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

32. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '721 Patent has been and continues to be intentional, willful, and without regard to Apple's rights. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '721 patent is and has been intentional, deliberate, and willful at least because it had knowledge of the '721 patent through direct or indirect communications with Apple and/or as a result of its participation in the personal computing devices industry.

33. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '721 Patent.

34. Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '721 Patent.

35. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '721 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '721 Patent. Unless enjoined, Samsung will continue its infringing conduct.

**FOURTH CLAIM FOR RELIEF**

**(Infringement of the '172 Patent)**

36. Apple incorporates and realleges paragraphs 1 through 35 of this Complaint.

37. Samsung has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '172 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of

Samsung's smartphones, media players, and/or tablets, including those products identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

38. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '172 Patent has been and continues to be intentional, willful, and without regard to Apple's rights. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '172 patent is and has been intentional, deliberate, and willful at least because it had knowledge of the '172 patent through direct or indirect communications with Apple and/or as a result of its participation in the personal computing devices industry.

39. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '172 Patent.

40. Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '172 Patent.

41. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '172 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '172 Patent. Unless enjoined, Samsung will continue its infringing conduct.

## FIFTH CLAIM FOR RELIEF

### (Infringement of the '760 Patent)

42. Apple incorporates and realleges paragraphs 1 through 41 of this Complaint.

43. Samsung has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '760 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of Samsung's smartphones, media players, and/or tablets, including those products identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

44. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '760 Patent has been and continues to be intentional, willful, and without regard to Apple's rights. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '760 patent is and has been intentional, deliberate, and willful at

least because it had knowledge of the ’760 patent through direct or indirect communications with Apple and/or as a result of its participation in the personal computing devices industry.

45. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the ’760 Patent.

46. Apple has sustained damages as a direct and proximate result of Samsung’s infringement of the ’760 Patent.

47. Apple will suffer and is suffering irreparable harm from Samsung’s infringement of the ’760 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung’s continuing infringement of the ’760 Patent. Unless enjoined, Samsung will continue its infringing conduct.

## SIXTH CLAIM FOR RELIEF

## (Infringement of the ’502 Patent)

48. Apple incorporates and realleges paragraphs 1 through 47 of this Complaint.

49. Samsung has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the ’502 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of Samsung’s smartphones, media players, and/or tablets, including those products identified in this Complaint. Samsung’s infringing activities violate 35 U.S.C. § 271.

50. Apple is informed and believes, and on that basis alleges, that Samsung’s infringement of the ’502 Patent has been and continues to be intentional, willful, and without regard to Apple’s rights. Apple is informed and believes, and on that basis alleges, that Samsung’s infringement of the ’502 patent is and has been intentional, deliberate, and willful at least because it had knowledge of the ’502 patent through direct or indirect communications with Apple and/or as a result of its participation in the personal computing devices industry.

51. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the ’502 Patent.

52. Apple has sustained damages as a direct and proximate result of Samsung’s infringement of the ’502 Patent.

Case5:11-cv-00630-LHK Document26-1 Filed04/04/11 Page12 of 15

53. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '502 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '502 Patent. Unless enjoined, Samsung will continue its infringing conduct.

**SEVENTH CLAIM FOR RELIEF**

**(Infringement of the '414 Patent)**

54. Apple incorporates and realleges paragraphs 1 through 53 of this Complaint.

55. Samsung has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '414 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of Samsung's smartphones, media players, and/or tablets, including those products identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

56. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '414 Patent has been and continues to be intentional, willful, and without regard to Apple's rights. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '414 patent is and has been intentional, deliberate, and willful at least because it had knowledge of the '414 patent through direct or indirect communications with Apple and/or as a result of its participation in the personal computing devices industry.

57. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '414 Patent.

58. Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '414 Patent.

59. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '414 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '414 Patent. Unless enjoined, Samsung will continue its infringing conduct.

Case5:11-cv-00630-LHK Document461 Filed02/21/12 Page12 of 15

**EIGHTH CLAIM FOR RELIEF**

**(Infringement of the '604 Patent)**

60. Apple incorporates and realleges paragraphs 1 through 59 of this Complaint.

61. Samsung has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '604 Patent by using, selling and/or offering to sell in the United States and/or importing into the United States, one or more of Samsung's smartphones, media players, and/or tablets, including those products identified in this Complaint. Samsung's infringing activities violate 35 U.S.C. § 271.

62. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '604 Patent has been and continues to be intentional, willful, and without regard to Apple's rights. Apple is informed and believes, and on that basis alleges, that Samsung's infringement of the '604 patent is and has been intentional, deliberate, and willful at least because it had knowledge of the '604 patent through direct or indirect communications with Apple and/or as a result of its participation in the personal computing devices industry.

63. Apple is informed and believes, and on that basis alleges, that Samsung has gained profits by virtue of its infringement of the '604 Patent.

64. Apple has sustained damages as a direct and proximate result of Samsung's infringement of the '604 Patent.

65. Apple will suffer and is suffering irreparable harm from Samsung's infringement of the '604 Patent. Apple has no adequate remedy at law and is entitled to an injunction against Samsung's continuing infringement of the '604 Patent. Unless enjoined, Samsung will continue its infringing conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Apple prays for relief, as follows:

1. A judgment that each of Apple's asserted patents is valid and enforceable;

2. A judgment that Samsung has infringed, contributorily infringed, and/or induced infringement of one of more claims of each of Apple's asserted patents;

3. An order and judgment preliminarily and permanently enjoining Samsung and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of Apple's asserted patents;

4. A judgment awarding Apple all damages adequate to compensate for Samsung's infringement of Apple's asserted patents, and in no event less than a reasonable royalty for Samsung's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5. A judgment awarding Apple all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

6. A judgment awarding Apple all of Samsung's profits, pursuant to 35 U.S.C. § 289 together with prejudgment interest;

7. Actual damages suffered by Apple as a result of Samsung's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

8. A judgment that this is an exceptional case and an award to Apple of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

9. Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Apple hereby demands trial by jury on all issues raised by the Complaint.

Case5:12-cv-00630-LHK Document261 Filed08/31/12 Page14 of 15

Dated: August 31, 2012

GIBSON DUNN & CRUTCHER LLP

By: */s/ H. Mark Lyon*
H. Mark Lyon

*Attorney for Plaintiff and Counterclaim Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 31, 2012 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.

Dated: August 31, 2012

*/s/ H. Mark Lyon*
H. Mark Lyon