# Exhibit D

*Dang et al. v. Samsung Electronics Co., Ltd. et al.*

No. 5:14-cv-00530

Amended Class Action Complaint

United States District Court

Northern District of California

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

**In the Matter of**

**CERTAIN ELECTRONIC DIGITAL MEDIA DEVICES AND COMPONENTS THEREOF**

**Investigation No. 337-TA-796**

**NOTICE OF COMMISSION'S FINAL DETERMINATION FINDING A VIOLATION OF SECTION 337; ISSUANCE OF A LIMITED EXCLUSION ORDER AND CEASE AND DESIST ORDERS; TERMINATION OF THE INVESTIGATION**

**AGENCY**: U.S. International Trade Commission.

**ACTION**: Notice.

**SUMMARY**: Notice is hereby given that the U.S. International Trade Commission has found a violation of section 337 in this investigation and has issued a limited exclusion order prohibiting respondents Samsung Electronics Co, Ltd. of the Republic of Korea ("SEC"); Samsung Electronics America, Inc. of Ridgefield Park, New Jersey ("SEA"); and Samsung Telecommunications America, LLC of Richardson, Texas ("STA") (collectively, "Samsung"), from importing certain electronic digital media devices that infringe one or more of claims 1, 4-6, 10, and 17-20 of U.S. Patent No. 7,479,949 ("the '949 patent") and claims 1-4 and 8 of U.S. Patent No. 7,912,501 ("the '501 patent"). The Commission has also issued cease and desist orders prohibiting SEA and STA from further importing, selling, and distributing articles that infringe one or more of claims 1, 4-6, 10, and 17-20 of the '949 patent and claims 1-4 and 8 of the '501 patent in the United States. The Commission has found no violation based on U.S. Patent Nos. D618,678 ("the D'678 patent"); D558,757 ("the D'757 patent"); RE 41,922 ("the '922 patent"); and 7,789,697 ("the '697 patent"). The Commission's determination is final, and the investigation is terminated.

**FOR FURTHER INFORMATION CONTACT**: Cathy Chen, Esq., Office of the General Counsel, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2392. Copies of non-confidential documents filed in connection with this investigation are or will be available for inspection during official business hours (8:45 a.m. to 5:15 p.m.) in the Office of the Secretary, U.S. International Trade Commission, 500 E Street, S.W., Washington, D.C. 20436, telephone (202) 205-2000. General information concerning the Commission may also be obtained by accessing its Internet server at http://www.usitc.gov. The public record for this investigation may be viewed on the Commission's electronic docket (EDIS) at http://edis.usitc.gov. Hearing-impaired persons are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205-1810.

**SUPPLEMENTARY INFORMATION**: The Commission instituted this investigation on August 5, 2011, based on a complaint filed by Apple Inc. ("Apple") of Cupertino, California. 76 *Fed. Reg.* 47610 (Aug. 5, 2011). The complaint alleges violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, in the importation into the United States, the sale for importation, and the sale within the United States after importation of certain electronic digital media devices and components thereof by reason of infringement of certain claims of the '949, the '922, the '697, the '501, the D'757, and the D'678 patents, and U.S. Patent No. 7,863,533 ("the '533 patent"). Samsung was named as a respondent in the Commission's notice of investigation. A Commission investigative attorney ("IA") participated in the investigation.

On May 3, 2012, the presiding administrative law judge ("ALJ") issued an initial determination ("ID") partially terminating the investigation with respect to all claims of the '533 patent; claims 1-3, 11, 12, 15, 16 and 21-27 of the '697 patent; and claim 3 of the '949 patent (Order No. 17) (not reviewed by the Commission, May 3, 2012).

On October 24, 2012, the ALJ issued his final ID in this investigation finding a violation of section 337 in connection with the claim of the D'678 patent; claims 1, 4-6 and 10-20 of the '949 patent; claims 29, 30 and 33-35 of the '922 patent; and claims 1-4 and 8 of the '501 patent. The ALJ found no violation of section 337 in connection with the claim of the D'757 patent; claims 31 and 32 of the '922 patent; and claims 13 and 14 of the '697 patent. The ALJ also found that the asserted claims were not shown to be invalid. The ALJ further found that a domestic industry in the United States exists that practices the '949, the '922, the '501, the D'757, and the D'678 patents, but not the '697 patent. On November 7, 2012, the ALJ issued his recommended determination on remedy and bonding.

Apple and Samsung filed timely petitions for review of various portions of the final ID, as well as timely responses to the petitions. The IA filed only a response to the petitions for review. On December 3, 2012, Apple and Samsung filed public interest comments pursuant to Commission rule 210.50(a)(4). That same day, non-party Google filed a submission in response to the Notice of Request for Statements on the Public Interest. *See* 77 *Fed. Reg*. 68829-30 (Nov. 16, 2012).

On January 23, 2013, the Commission determined to review the final ID in its entirety, and remand the investigation to the ALJ with respect to certain issues related to the '922 patent and the '501 patent, as set forth in the Remand Order. 78 *Fed. Reg.* 6130 (Jan. 29, 2013).

On March 26, 2013, the ALJ issued his remand initial determination ("RID"). The RID found that claims 34 and 35 of the '922 patent are infringed by the text-selection feature of the accused products and that claim 3 of the '501 patent is not infringed by the accused products represented by the Transform SPH-M920. On April 9, 2013, Apple and Samsung petitioned for review of the RID. The IA did not petition for review of the RID. On April 17, 2013, Apple, Samsung and the IA filed their respective responses to the petitions for review.

Case5:14-cv-00530-LHK Document44-5 Filed03/02/15 Page4 of 5

On May 28, 2013, the Commission determined to review the RID in its entirety. In connection with the Commission's review of the final ID and the RID, the parties were invited to brief certain issues, including issues related to remedy and the public interest. The Commission received responses from Apple, Samsung, and the IA addressing all of the Commission's questions. In response to the remedy and public interest questions posed to the public, the Commission received responses from the following: Americans for Job Security; Associated Carrier Group; Capital Policy Analytics; Congresswoman Eva M. Clayton; Congressmen Hakeem S. Jeffries and Henry C. Johnson, Jr.; Congressmen Bill Pascrell, Jr., Hank Johnson, Albio Sires, Dan Maffei, Terri Sewell, and Steve Israel; Congressman Pete Sessions; CTIA – The Wireless Association; Mr. Dennis C. Vacco, Esq.; Digital Liberty and Property Rights Alliance; Google, Inc.; Health IT Now.org; Hispanic Leadership Fund; Homecare Homebase, LLC; Institute for Policy Innovation; James Valley Telecommunications; Texas State Senator Ken Paxton; Texas State Senator Kirk Watson; The LIBRE Initiative; National Black Chamber of Commerce; National Grange of the Order of Patrons of Husbandry ("National Grange"); The Newborn Coalition; Revol Wireless; Senator Robert Menendez; Sprint Spectrum, L.P.; Taxpayers Protection Alliance; Ting Wireless; Congressman Trent Franks; American Agri-Women *et al*.; and United States Cellular Corporation.

Having examined the record of this investigation, including the ALJ's final ID, RID and submissions from the parties, the Commission has determined that Apple has proven a violation of section 337 based on articles that infringe claims 1, 4-6, 10, and 17-20 of the '949 patent and claims 1-4 and 8 of the '501 patent. Specifically, with respect to the '949 patent, the Commission has determined to affirm the ALJ's constructions of disputed claim terms and his conclusion that Apple has proven a violation of section 337 based on articles that infringe claims 1, 4-6, 10, and 17-20 of the '949 patent. The Commission affirms, with modified reasoning, the ALJ's conclusion that Apple failed to prove that Samsung contributorily infringes claims 11-16 of the '949 patent. The Commission, however, has determined to reverse the ALJ's conclusion that Apple has proven that Samsung induced infringement of claims 11-16 of the '949 patent. With some modifications to the ALJ's analysis, the Commission has also determined that the record supports the ALJ's conclusions that the Continuum SCH-1400 infringes all of the asserted claims of the '501 patent; that the accused Samsung devices represented by Transform SPH-M920 infringe claims 1-2 and 8, but not claims 3 and 4 of the '501 patent; and that the accused Samsung devices represented by Galaxy Tab 7.0 and Galaxy S II do not infringe any of the asserted claims of the '501 patent. The Commission has further determined that the asserted claims of the '949 and the '501 patents have not been proven by Samsung to be invalid and that Apple has proven that a domestic industry exists in the United States relating to articles protected by the '949 and the '501 patents.

In addition, the Commission has determined that Apple has not proven a violation based on alleged infringement of the D'678, the D'757, the '922, and the '697 patents. Specifically, the Commission has determined that the asserted claim of the D'678 patent is valid but not infringed, and that Apple's iPhone, iPhone 4 and iPhone 4S practice the D'678 patent, but not the iPhone 3G and iPhone 3GS. The Commission has also determined that the asserted claim of the D'757 patent is valid but not infringed, and Apple's iPhone 3G and 3GS do not practice the D'757 patent. With some modifications to the ALJ's analysis for the '922 patent, the

Commission has determined to affirm the ALJ's constructions of disputed claim terms, and the ALJ's conclusion that Apple failed to prove that Samsung contributorily infringes the asserted claims of the '922 patent. The Commission, however, has determined to reverse the ALJ's conclusion that Apple has proven that Samsung induced infringement of the asserted claims of the '922 patent. With respect to the '697 patent, the Commission has determined to modify the ALJ's construction and application of certain disputed terms in the asserted claims. Under the modified constructions, the Commission has determined that Apple has proven that the accused Samsung devices infringe the asserted claims of the '697 patent and that Apple's domestic industry products practice the '697 patent. The Commission, however, ultimately finds that Apple has not proven a violation of section 337 with respect to the '697 patent because Samsung has proven with clear and convincing evidence that the asserted claims are invalid as anticipated by the YP-T7J media player. The Commission has further determined that Apple has proven a domestic industry exists in the United States relating to articles protected by the D'678, the '922 and the '697 patents, but not the D'757 patent.

The Commission has determined that the appropriate remedy is a limited exclusion order prohibiting Samsung from importing certain electronic digital media devices that infringe one or more of claims 1, 4-6, 10, and 17-20 of the '949 patent and claims 1-4 and 8 of the '501 patent. The Commission has also determined to issue cease and desist orders prohibiting SEA and STA from further importing, selling, and distributing articles that infringe one or more of claims 1, 4-6, 10, and 17-20 of the '949 patent and claims 1-4 and 8 of the '501 patent in the United States. The orders do not apply to the adjudicated design around products found not to infringe the asserted claims of the '949 and the '501 patents as identified in the final ID. The Commission has carefully considered the submissions of the parties and the public and has determined that the public interest factors enumerated in section 337(d)(1) and (f)(1) do not preclude issuance of the limited exclusion order and cease and desist orders.

Finally, the Commission has determined that excluded mobile phones, media players, and tablet computers may be imported and sold in the United States during the period of Presidential review (19 U.S.C. § 1337(j)) with the posting of a bond in the amount of 1.25 percent of the entered value. The Commission's order and opinion were delivered to the President and to the United States Trade Representative on the day of their issuance.

The authority for the Commission's determination is contained in section 337 of the Tariff Act of 1930, as amended (19 U.S.C. § 1337), and in Part 210 of the Commission's Rules of Practice and Procedure (19 C.F.R. Part 210).

By order of the Commission.

Lisa R. Barton
Acting Secretary to the Commission

Issued: August 9, 2013