REESE LLP
Michael R. Reese (CA Bar # 206773)
100 West 94rd Street, 16th Floor
New York, New York 10025
Telephone:   +1 212 643 0500
Facsimile:   +1 212 253 4272
E-mail:   mreese@reesellp.com

Attorneys for Plaintiff
HOAI DANG
*(additional attorneys listed on signature page)*

SQUIRE PATTON BOGGS (US) LLP
Mark C. Dosker (CA Bar # 114789)
275 Battery Street, Suite 2600
San Francisco, California 94111
Telephone:   +1 415 954 0200
Facsimile:   +1 415 393 9887
E-mail:   mark.dosker@squirepb.com

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC., and
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
*(additional attorneys listed on signature page)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOAI DANG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.; SAMSUNG ELECTRONICS AMERICA, INC.; and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>Defendants. | Case No. 3:14-cv-00530-LHK<br><br>CLASS ACTION<br><br>**CONFIDENTIALITY PROTECTIVE ORDER**<br><br>Re: Dkt. No. 127<br><br>MODIFIED BY THE COURT |

The Parties to this action hereby stipulate to an order of the Court as follows:

**1.    PURPOSES AND LIMITATIONS**

The Parties anticipate that discovery in this Litigation may involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Litigation may be warranted. Accordingly, the Court enters the following joint proposed Confidentiality Protective Order (the "Confidentiality Protective Order"). The Parties acknowledge that this Confidentiality Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12(c), below, that this Confidentiality Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks leave of Court to file Protected Material under seal.

**2.    DEFINITIONS**

a.    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" under this Confidentiality Protective Order.

b.    <u>"CONFIDENTIAL" Information, Items, or Material</u>: any Material, information (regardless of how it is generated, stored or maintained), or tangible thing produced by a Party or Non-Party in the Litigation which the Producing Party believes constitutes, contains, reflects, or discloses confidential, non-public trade secrets, competitively sensitive or proprietary information, research and analysis, development or commercial information, or other information for which a good faith claim of need of protection from disclosure can be made under the Federal Rules of Civil Procedure and/or other applicable law.

c.    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

d. <u>Court</u>: the United States District Court for the Northern District of California.

e. <u>Designating Party</u>: a Party or Non-Party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY."

f. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

g. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Litigation.

h. <u>Final Disposition</u>: the later of (1) dismissal of all claims and defenses in the Litigation, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

i. <u>"HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" Information, Items, or Material</u>: any Material, information (regardless of how it is generated, stored or maintained), or tangible thing that is (1) non-public personal information or (2) "CONFIDENTIAL" Material that the Producing Party reasonably and in good faith believes to be extremely sensitive confidential and/or proprietary information, disclosure of which to a Party or another Non Party would create a substantial risk of significant competitive or business injury to the Designating Party that could not be avoided by less restrictive means.

j. <u>House Counsel</u>: attorneys who are employees of a party to the Litigation. House Counsel does not include Outside Counsel of Record or any other outside counsel.

k. <u>Litigation</u>: the above-captioned action styled as *Hoai Dang v. Samsung Electronics Co., Ltd., et al.*, No. 3:14-cv-00530-LHK (N.D. Cal.).

l. <u>Material</u>: documents, electronic information in any form, testimony, interrogatory responses and other information, including all copies, excerpts and summaries thereof, in any

- 3 -

form.

     m.     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Litigation (or their officers, directors, employees, consultants, retained experts, House Counsel, and Outside Counsel of Record).

     n.     <u>Outside Counsel of Record</u>: counsel of record for the Parties, including all partners and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action, as well as any other counsel, other than House Counsel, and support personnel of such counsel who may be assisting counsel of record for the Parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys. Outside Counsel of Record does not include House Counsel.

     o.     <u>Party</u>: any party to the Litigation, including all of its officers, directors, employees, consultants, retained experts, House Counsel, and Outside Counsel of Record (and their support staffs).

     p.     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in the Litigation.

     q.     <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

     r.     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY."

     s.     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    <u>SCOPE</u>**

This Confidentiality Protective Order governs the use and handling of Material produced or given by any Producing Party during the Litigation, up to, and including, trial. Material

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" under the provisions of this Confidentiality Protective Order, and information derived therefrom, shall be used only for the purpose of the Litigation and any related appellate proceeding, and not for any other business, competitive, personal, private, public, or other purpose whatsoever. The protections conferred by this Confidentiality Protective Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; (d) portions of deposition or other transcripts and exhibits thereto that contain, summarize, or reflect the content of any such Protected Material; (e) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such Protected Material; and (f) written discovery responses and answers that contain, summarize, or reflect the content of any such Protected Material. The protections conferred by this Confidentiality Protective Order do not cover the following information: (1) any information that is in the public domain at the time of disclosure to a Receiving Party or which becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Confidentiality Protective Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.** **DURATION**

Even after Final Disposition of the Litigation, the confidentiality obligations imposed by this Confidentiality Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.** **DESIGNATING PROTECTED MATERIAL**

a. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. All confidentiality designations must be made reasonably and in good faith. Each Party or Non-

- 5 -

CONFIDENTIALITY PROTECTIVE ORDER - Case No. 3:14-cv-00530-LHK

Party that designates information or items for protection under this Confidentiality Protective Order must take care to limit any such designation to specific Material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. A Designating Party shall not make clearly unjustified designations or designations for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties).

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation and reproduce the Material with the correct designation.

b. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Confidentiality Protective Order (*see, e.g.*, second paragraph of Section 5(b)(i) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Confidentiality Protective Order must be clearly so designated before the Material is disclosed or produced.

Designation in conformity with this Confidentiality Protective Order requires:

i. for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY," as applicable, to each page that contains Protected Material.

A Party or Non-Party that makes original documents or Materials available for inspection need not designate them for protection until after the inspecting Party has indicated which Material it would like copied and produced. During the inspection and before the designation, all Material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents to be copied and produced, the Producing Party must determine which Material qualifies for protection under this Confidentiality Protective Order. Then, before producing the specified documents, the

Producing Party must affix the appropriate legend to each page that contains Protected Material.

    ii.    for testimony given in deposition, that the Designating Party identify all Protected Material either (1) on the record, before the close of the deposition, or (2) by notice in writing to counsel of record within thirty (30) days of receiving the transcript of the deposition. Only those portions of transcript that actually contain "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" Material may be so designated. All deposition transcripts will be treated as "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" Material until a party designates any or all portions of the transcript as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" Material or until thirty (30) days after receipt of the transcript, whichever is earlier. If a designation is made, the "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" portions of the transcript and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Section 12(c) below. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" shall be afforded the same status.

    iii.    for testimony given in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

    iv.    with respect to electronic documents produced in native format, that the Designating Party shall designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" Material by stamping copies of the document or media, as appropriate, that contains the document with the appropriate legend.

    v.    for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY," as applicable.

    c.    <u>Inadvertent Failures to Designate</u>.  If corrected within a reasonable time from

discovery, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Confidentiality Protective Order for such Material. Upon timely correction of a designation, the Receiving Party shall take steps to assure that the Material is treated in accordance with the provisions of this Confidentiality Protective Order. The Designating Party shall provide substitute copies of the qualified information or items bearing the corrected designation. The Receiving Party shall return or certify the destruction of the undesignated Protected Material.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY," is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" that the Challenging Party is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Confidentiality Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fourteen (14) business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Designated Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if

- 8 -

1 it has engaged in this meet and confer process first or establishes that the Designating Party is
2 unwilling to participate in the meet and confer process in a timely manner.

   c. <u>Judicial Intervention</u>. After the Challenging Party has engaged in the meet and confer process outlined in Section 6(b), or has established that the Designating Party is unwilling to participate in the meet and confer process in a timely manner, ~~the Challenging Party may, for good cause, file a motion in compliance with Civil Local Rule 79-5 that identifies the challenged Material and sets forth in detail the basis for the challenge. Any motion brought pursuant to this provision must be accompanied by a competent declaration attesting that (1) the Challenging Party has complied with the meet and confer requirements imposed by Section 6(b), or (2) the Designating Party is unwilling to participate in the meet and confer process in a timely manner.~~ the parties shall comply with the discovery dispute procedure outlined in this Court's Standing Order for Civil Cases and with Civil Local Rule 79-5, if applicable. The burden of persuasion in any challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

   a. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle the Litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Confidentiality Protective Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Confidentiality Protective Order.

   b. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      i. the Receiving Party's Outside Counsel of Record in the Litigation, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose

the information for the Litigation;

  ii. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation, as well as their immediate paralegals and staff;

  iii. any named party in the Litigation who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

  iv. Experts (as defined in this Confidentiality Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for the Litigation and employees of said Expert to whom it is reasonably necessary to disclose the information for the Litigation, provided that (1) such Expert and employee has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) such Expert and employee is not a current officer, director, or employee of a Party or of a competitor of a Party, and, at the time of retention, has no present plans to become an officer, director, or employee of a Party or of a competitor of a Party within the next three years. If there is any doubt about whether an entity of which an Expert or employee is or has present plans to become (within the next three years) an officer, director, or employee of a competitor of the Designating Party, prior to any disclosure, the Receiving Party shall identify the entity to the Designating Party, which shall advise the Receiving Party within seven days of such identification whether the Designating Party considers that entity to be a competitor for purposes of the foregoing sentence (provided, however, that no party is obligated to disclose the identity of the Expert prior to the time provided by scheduling order). If the parties cannot agree on whether an entity constitutes a competitor for purposes of the foregoing sentence, they may seek the assistance of the Court.

  v. the Court and its personnel;

  vi. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  vii. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

viii. any mediator, and his or her staff, who is assigned to hear this matter, and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

ix. any other person with the prior written consent of the Designating Party.

c. <u>Disclosure of "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" only to:

i. the individuals listed in Section 7(b) categories i, iv, v, vi, vii, viii, and ix.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY" that Party must:

a. promptly notify, in writing, the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the Material covered by the subpoena or order is subject to this Confidentiality Protective Order. Such notification shall include a copy of this Confidentiality Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/OUTSIDE ATTORNEYS' EYES ONLY," as applicable, before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential Material – and nothing in these provisions should be construed as authorizing or encouraging a

Receiving Party in the Litigation to disobey a lawful directive from another court.

9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Confidentiality Protective Order, the Receiving Party must immediately (a) notify, in writing, the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform, in writing, the person or persons to whom unauthorized disclosures were made of all the terms of this Confidentiality Protective Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

~~11.~~   ~~**PRIVILEGE LOG**~~

~~Any Party withholding documents based solely on the assertion of a privilege shall serve a privilege log within ninety (90) days after completing the production of documents responsive to the request to which the privilege was asserted. The Receiving Party shall then have a thirty (30) day period in which to meet and confer with the Producing Party regarding the privilege log and, if the Parties are unable to resolve any dispute, to seek relief from the Court, even if doing so occurs after the fact discovery deadline. A Producing Party need not generate a privilege log for documents withheld on the basis of the attorney-client privilege or work product doctrine that are dated on or after February 4, 2014, which date corresponds to the filing of the original Complaint (ECF 1) in this matter.~~

**12. MISCELLANEOUS**

a. <u>Right to Further Relief</u>. Nothing in this Confidentiality Protective Order prevents any person from seeking its modification by the Court in the future.

b. <u>Right to Assert Other Objections</u>. By submitting this Confidentiality Protective Order to the Court for entry, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Material covered by this Confidentiality Protective Order.

c. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in the Litigation any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

**13. FINAL DISPOSITION**

Within sixty (60) days after the Final Disposition of the Litigation each Receiving Party must return all Protected Material to the Producing Party or destroy such Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such Materials contain Protected

Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 28, 2018           By:      /s/ Michael R. Reese
                                              Michael R. Reese

                                   Attorneys for Plaintiff HOAI DANG

| REESE LLP | PEARSON, SIMON & WARSHAW, LLP |
|---|---|
| Michael R. Reese (CA Bar # 206773) | Melissa S. Weiner (*pro hac vice*) |
| 100 West 94rd Street, 16th Floor | 800 La Salle Avenue, Suite 2150 |
| New York, New York 10025 | Minneapolis, Minnesota 55402 |
| Telephone: +1 212 643 0500 | Telephone: +1 612 389 0601 |
| Facsimile: +1 212 253 4272 | Facsimile: +1 612 389 0610 |
| E-mail: mreese@reesellp.com | E-mail: mweiner@pswlaw.com |

Dated: November 28, 2018           By:      /s/ Mark C. Dosker
                                              Mark C. Dosker

                                   Attorneys for Defendants
                                   SAMSUNG ELECTRONICS CO., LTD.,
                                   SAMSUNG ELECTRONICS AMERICA,
                                   INC., and SAMSUNG
                                   TELECOMMUNICATIONS AMERICA, LLC

| SQUIRE PATTON BOGGS (US) LLP | SQUIRE PATTON BOGGS (US) LLP |
|---|---|
| Mark C. Dosker (CA Bar # 114789) | Bruce A. Khula (*pro hac vice*) |
| 275 Battery Street, Suite 2600 | 4900 Key Tower, 127 Public Square |
| San Francisco, California 94111 | Cleveland, Ohio 44114 |
| Telephone: +1 415 954 0200 | Telephone: +1 216 479 8500 |
| Facsimile: +1 415 393 9887 | Facsimile: +1 216 479 8780 |
| E-mail: mark.dosker@squirepb.com | E-mail: bruce.khula@squirepb.com |

**ORDER**
AS MODIFIED BY THE COURT,
PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: November 29, 2018                 _____
                                          ~~Lucy H. Koh~~ Virginia K. DeMarchi
                                          United States ~~District~~ Judge
                                                    Magistrate

## **ATTESTATION**

I hereby attest that I have on file written authorization for any signatures indicated by a "conformed" signature (s/) in this e-filed document.

*/s/Mark C. Dosker*
Mark C. Dosker

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Confidentiality Protective Order that was issued by the United States District Court for the Northern District of California on _____ _____, 20____ in the litigation entitled *Hoai Dang v. Samsung Electronics Co., Ltd., et al.*, Case No. 3:14-cv-00530-LHK (N.D. Cal.) (the "*Dang* Litigation"). I agree to comply with and to be bound by all the terms of this Confidentiality Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Confidentiality Protective Order to any person or entity except in strict compliance with the provisions of this Confidentiality Protective Order.

I further hereby irrevocably agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Confidentiality Protective Order, even if such enforcement proceedings occur after termination of the *Dang* Litigation.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with the *Dang* Litigation or any proceedings related to enforcement of this Confidentiality Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]