UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HOAI DANG,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO, LTD., et al.,<br><br>    Defendants. | Case No. 14-CV-00530-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 112 |

Plaintiff Hoai Dang ("Plaintiff") brings this suit against Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (collectively, "Samsung") for causes of action arising from Samsung's infringement of patents owned by Apple, Inc. ("Apple"). The Court previously granted Samsung's motion to dismiss Plaintiff's amended complaint, whereupon Plaintiff filed a second amended complaint ("SAC"). Before the Court is Samsung's motion to dismiss Plaintiff's SAC. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the motion to dismiss the SAC with prejudice.

## I. BACKGROUND

### A. Factual Background

Plaintiff's individual and putative class claims arise out of the *Apple v. Samsung* litigation.[1] According to Plaintiff, Samsung has been found to have "infringed the patents of its chief competitor, Apple." ECF No. 110 ("SAC") ¶ 23. As a result, Plaintiff alleges, many Samsung devices, including Plaintiff's Samsung Galaxy SIII (the "Galaxy SIII") smartphone, "are worth significantly less than the prices the consumers paid, resulting in injury and damages to the consumers." *Id.* ¶¶ 7, 33. For example, Plaintiff alleges that "the re-sale value for the Samsung Products has dropped dramatically due to the fact that the Products infringe patents." *Id.* ¶ 34. Plaintiff further alleges that if he had known that the Galaxy SIII infringed on Apple's patents, Plaintiff "would not have purchased the Product." *Id.* ¶ 8.

On or around September 24, 2012, Plaintiff purchased his Galaxy SIII from a Best Buy store located at 181 Curtner Avenue in San Jose, California. *Id.* ¶ 7. Plaintiff paid approximately $199, plus taxes and fees. *Id.*

Along with his Galaxy SIII, Plaintiff received a 63-page booklet titled in bold font "**Important Information for the Samsung SPH-L710**."[2] ECF No. 67-1, Declaration of George V. Granade ("Granade Decl.") ¶ 5; ECF No. 67-2 ("Information Booklet"). The Information Booklet is included in the packaging that accompanies every Galaxy SIII sold in the United States. ECF No. 50, Declaration of Paul DeCarlo ("DeCarlo Decl.") ¶ 4. Plaintiff's smartphone was no exception. *See* ECF No. 67 at 2 (referring to "the Information Booklet that was packaged with Mr. Dang's phone"). The front of the box containing Plaintiff's Galaxy SIII informs consumers that it contains a smartphone, various accessories, and an "Important Information Booklet." ECF No. 67-3 (the "SIII Box") at 2. The back of the box further directs consumers to a "warranty

---

[1] Specifically, Plaintiff refers to *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 11-CV-01846-LHK (N.D. Cal.) ("*Apple I*"), and *Apple Inc. v. Samsung Electronics Co., Ltd. et al.*, No. 12-CV-00630-LHK (N.D. Cal.) ("*Apple II*"). SAC nn. 3–4.

[2] Samsung states that "SPH-L710" is the designation for the Galaxy SIII packaged for Sprint, which is Plaintiff's wireless provider. ECF No. 107 at 2 n.2.

2
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

disclaimer" in the "Important Information Booklet." *Id.* at 3.

The cover of the Information Booklet contains a table of contents directing consumers to four topics, including the "Manufacturer's Warranty" on page 15. Information Booklet at 1, 15.[3] The Manufacturer's Warranty runs from page 15 to page 31. *Id.* at 15–31. In relevant part, page 21 of the Manufacturer's Warranty states:

> TO THE FULL EXTENT PERMITTED BY LAW SAMSUNG [ENTITIES] … EXPRESSLY DISCLAIM ANY AND ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, INTEROPERABILITY **OR NON-INFRINGEMENT**, WITH RESPECT TO … SAFE™ APPROVED DEVICES.

*Id.* at 21 (bold emphasis added).

### B. Procedural History

On February 4, 2014, Plaintiff filed this action in federal court. ECF No. 1. On April 30, 2014, this action was related to *Apple I*. ECF No. 24. This action was reassigned to the undersigned judge the following day.

On May 12, 2014, the Court granted the parties' stipulation to stay this action pending service in South Korea on Defendant Samsung Electronics Co., Ltd. ECF No. 29. The case was administratively closed as a result. *Id.* Pursuant to a subsequent stipulation approved by the Court on November 24, 2014, this action was to be "stayed until 30 days after Plaintiff files a Proof of Service showing service in Korea." ECF No. 34. On January 8, 2015, Plaintiff filed that proof of service. ECF No. 36.

On February 9, 2015, Samsung filed a motion to dismiss and a motion to compel arbitration. ECF Nos. 37 & 39. In response, Plaintiff indicated on February 23, 2015, that he would be filing an amended complaint on or before March 2, 2015, that "will moot Defendants' Motions." ECF No. 41 at 2.

On March 2, 2015, Plaintiff filed an amended complaint, which alleged five causes of

---

[3] Page 15 also refers to the Manufacturer's Warranty as a "STANDARD LIMITED WARRANTY." Information Booklet at 15. For consistency, the Court will continue to use the phrase "Manufacturer's Warranty."

3
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

action: (1) breach of statutory warranty against infringement under the laws of all fifty states, ECF No. 44 ¶¶ 45–52; (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, *id.* ¶¶ 53–57; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, *id.* ¶¶ 58–65; (4) restitution and unjust enrichment under the laws of California, New Jersey, and New York, *id.* ¶¶ 66–69; and (5) declaratory and injunctive relief, *id.* ¶¶ 70–78.

Due to Plaintiff's filing of the amended complaint, the Court denied as moot Samsung's then-pending motion to dismiss and motion to compel arbitration on March 16, 2015, and March 18, 2015, respectively. ECF Nos. 46 & 48. The Court also lifted the stay that had been in effect since May 12, 2014. ECF No. 46.

On March 19, 2015, Samsung filed a motion to compel arbitration, ECF No. 49, and a renewed motion to dismiss. ECF No. 51. On March 20, 2015, Plaintiff filed a motion for an intradistrict transfer of venue to United States District Judge James Donato on the basis that Judge Donato had before him a case in which Samsung had "moved to compel arbitration based on identical language concerning arbitration found in a nearly identical warranty booklet." ECF No. 53 at 4.

On April 3, 2015, Plaintiff moved to stay consideration of Samsung's motion to compel arbitration and motion to dismiss pending the Court's decision on Plaintiff's motion to transfer venue. ECF No. 59. The Court denied Plaintiff's stay request on April 7, 2015. ECF No. 61.

On August 10, 2015, this Court granted Samsung's motion to compel arbitration. ECF No. 78. In relevant part, the Court found that the arbitration provision in the Information Booklet constituted a valid agreement between the parties to arbitrate Plaintiff's individual claims. *Id.* at 8. The Court therefore denied as moot Samsung's motion to dismiss and Plaintiff's motion to transfer venue. *Id.* at 19. On September 3, 2015, Plaintiff filed a notice of appeal. ECF No. 79.

On January 19, 2017, the Ninth Circuit reversed. *Dang v. Samsung Elecs. Co.*, 673 F. App'x 779 (9th Cir. Jan. 19, 2017), *cert. denied sub nom. Samsung Telecommc'ns Am., LLC v. Norcia*, 138 S. Ct. 203 (Oct. 2, 2017). The Ninth Circuit found that this Court "erred in granting

4

Samsung's motion to compel arbitration because Dang and Samsung did not form an agreement to arbitrate under California law." *Id.* at 779. *Dang* was accompanied by a published decision that explored the arbitration issue in further detail and reached the same conclusion. *Norcia v. Samsung Telecommc'ns Am., LLC*, 845 F.3d 1279, 1282 (9th Cir. 2017), *cert. denied,* 138 S. Ct. 203 (Oct. 2, 2017). On May 30, 2017, the Ninth Circuit issued its mandate. ECF No. 86.

On January 31, 2018, Samsung filed a motion to dismiss Plaintiff's claims arising under California law. ECF No. 95. On March 7, 2018, Plaintiff filed his opposition. ECF No. 98. On March 21, 2018, Samsung filed its reply. ECF No. 99.

On July 2, 2018, the Court granted Samsung's motion to dismiss Plaintiff's amended complaint. ECF No. 107.

First, the Court dismissed Plaintiff's claim for breach of the implied warranty of non-infringement because Samsung, via the Manufacturer's Warranty in the Information Booklet included with Plaintiff's phone, disclaimed the implied warranty of non-infringement. *Id.* at 9–11. The Court dismissed the claim with prejudice "because amendment cannot change the text of the Information Booklet." *Id.* at 11.

Second, the Court dismissed Plaintiff's claim for violation of the UCL because Plaintiff's claims under the UCL's unlawful prong claim depended on the underlying warranty of non-infringement cause of action, which the Court had dismissed. *Id.* at 12. In his briefs, Plaintiff contended that the unlawful prong claim also relied on Samsung's alleged violation of the CLRA and the Tariff Act of 1930. *Id.* However, because Plaintiff pointed to "no language in the [amended complaint] that suggests the UCL claim relies on violations of the CLRA and Tariff Act," the Court dismissed Plaintiff's unlawful prong UCL claim. *Id.* at 13. The Court also dismissed Plaintiff's unfair prong UCL claim because Plaintiff's allegations "entirely overlap[ped]" with Plaintiff's unlawful prong allegations. *Id.* at 14–15. The Court granted Plaintiff leave to amend his unlawful prong and unfair prong UCL claims. *Id.* at 15.

Third, the Court dismissed Plaintiff's claim under the CLRA because Plaintiff had failed to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) that are

applicable to the CLRA. *Id.* at 15. Plaintiff's amended complaint failed to "specify what misrepresentations or omissions Plaintiff was exposed to prior to purchase." *Id.* at 16. The Court next rejected Plaintiff's argument "that Samsung's misconduct is essentially omnipresent because it occurs whenever Samsung labels its products 'with the Samsung name and brand.'" *Id.* at 17 (quoting ECF No. 98 at 14). The Court observed that "Plaintiff cites no case holding that a manufacturer's use of its own name on products it manufactured is misleading" and dismissed the CLRA claim because Plaintiff's amended complaint included no allegation that "Samsung's name and brand are the misleading statement," and thus failed to satisfy Rule 9(b). *Id.* The Court further concluded that Plaintiff had not met the CLRA's statutory standing requirement because Plaintiff had failed to allege reliance on any Samsung misrepresentations. *Id.* at 17–18. The Court granted Plaintiff leave to amend his CLRA claim. *Id.* at 18.

Fourth, the Court dismissed Plaintiff's claim for unjust enrichment because Plaintiff's cause of action rested on Samsung's alleged breach of the warranty of non-infringement. *Id.* at 18–19. Yet Samsung's disclaimer meant that Samsung had not breached that warranty. *Id.* at 19. Thus, Plaintiff's amended complaint failed to "allege facts showing that it was unjust for Samsung to keep Plaintiff's money when Samsung did not warrant that the Galaxy SIII was non-infringing." *Id.* The Court granted Plaintiff leave to amend his unjust enrichment claim. *Id.*

Fifth, the Court dismissed Plaintiff's claim for declaratory and injunctive relief, which sought to prevent Samsung from arguing that the arbitration provision in the Manufacturer's Warranty binds Plaintiff. *Id.* at 19. Because the Ninth Circuit had concluded on appeal that the arbitration provision was not binding, Plaintiff faced no "threat of future injury based on the arbitration provision." *Id.* at 20. Thus, the Court concluded that Plaintiff lacked standing to pursue declaratory and injunctive relief and dismissed Plaintiff's claim for such relief with prejudice. *Id.* at 20–21.

Although the Court granted Plaintiff leave to amend three of his five causes of action, the Court warned Plaintiff that "failure to cure the deficiencies identified [in the Court's Order] will result in a dismissal with prejudice of the deficient claims or theories." *Id.* at 21.

On August 1, 2018, Plaintiff filed the SAC, which alleges the same five causes of action as the amended complaint, including both causes of action that the Court previously dismissed with prejudice: (1) breach of statutory warranty against infringement under the laws of all fifty states, SAC ¶¶ 53–60; (2) violation of the CLRA, *id.* ¶¶ 61–73; (3) violation of the UCL, *id.* ¶¶ 74–86; (3), *id.* ¶¶ 58–65; (4) restitution and unjust enrichment under the laws of California, New Jersey, and New York, *id.* ¶¶ 87–91; and (5) declaratory and injunctive relief, *id.* ¶¶ 92–100. Plaintiff also includes a new section entitled "Rule 9(b) Allegations," in which Plaintiff describes Samsung's alleged misrepresentations and omissions. *Id.* ¶¶ 36–42.

On August 15, 2018, Samsung filed a motion to dismiss the SAC. ECF No. 112 ("Mot."). On September 28, 2018, Plaintiff filed his opposition. ECF No. 122 ("Opp."). On November 5, 2018, Samsung filed its reply. ECF No. 125 ("Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially

7
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). However, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

For the second time, Samsung moves to dismiss Plaintiff's lawsuit. Plaintiff's SAC re-pleads all five causes of action, including those causes of action—for breach of the implied warranty of non-infringement and for declaratory and injunctive relief—that the Court dismissed with prejudice in its previous Order. *See* SAC ¶¶ 53 (implied warranty), 92 (declaratory and injunctive relief). Plaintiff represents that he repleads those causes of action "solely for the purpose of preserving his arguments for appeal" and that Plaintiff does not challenge the Court's dismissal with prejudice of those causes of action. Opp. at 3. Plaintiff's SAC includes no new

8
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

factual allegations relevant to the two causes of action dismissed with prejudice. For clarity, the Court again dismisses with prejudice Plaintiff's cause of action for breach of the implied warranty of non-infringement and Plaintiff's cause of action for declaratory and injunctive relief.

In the remainder of this Order, the Court addresses Plaintiff's three causes of action that the Court previously dismissed with leave to amend: (1) violation of California's CLRA; (2) violation of California's UCL; and (3) unjust enrichment. The Court discusses each cause of action in turn.

**C. Consumer Legal Remedies Act**

Plaintiff alleges that Samsung violated California's CLRA, which prohibits "unfair methods of competition and unfair or deceptive acts or practices." *Williams v. Gerber Prods. Co.*, 553 F.3d 934, 938 (9th Cir. 2008) (quoting Cal. Civ. Code § 1770); *see* SAC ¶¶ 61–73. Specifically, Plaintiff claims that Samsung violated the CLRA by "[m]isrepresenting the source, sponsorship, approval, or certification of goods or services" and "[r]epresenting that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law." Cal. Civ. Code §§ 1770(a)(2), (14); *see* SAC ¶ 65.

Claims sounding in fraud—such as Plaintiff's CLRA cause of action—are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001); *see Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."). Rule 9(b) requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). In other words,

9

"[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003) (citation omitted).

Previously, the Court dismissed Plaintiff's CLRA claim because Plaintiff did not allege that Samsung made "specific misrepresentations or omissions." ECF No. 107 at 17. Indeed, Plaintiff's amended complaint was "so devoid of specificity that it [was] unclear . . . whether Plaintiff [was] alleging exposure to an affirmative misrepresentation, alleging an omission, or alleging both." *Id.* at 16. Plaintiff's SAC has at least cured that deficiency, as Plaintiff alleges that Samsung made both affirmative misrepresentations and omissions that violate the CLRA. Regarding omission, Plaintiff alleges that "Defendants made material omissions and failed to adequately disclose the material fact of infringement to consumers." SAC ¶ 67. As for an affirmative misrepresentation, Plaintiff alleges that Samsung's use of the brand name Samsung "signal[ed] to consumers that the Products contained non-infringing 'Samsung' parts, when, in fact, the Products infringed on the patents of Apple." *Id.* ¶ 71.

Samsung raises a host of arguments for why Plaintiff's CLRA should be dismissed, including that Plaintiff fails to satisfy Rule 9(b)'s heightened pleading standard and has not adequately pleaded that Samsung made a cognizable misrepresentation or omission. Mot. at 7–13. Because the Court concludes that Plaintiff has failed to allege a misrepresentation or omission sufficient to state a CLRA claim, the Court does not reach Samsung's other arguments. The Court first addresses Plaintiff's omission theory and then turns to Plaintiff's "brand name" affirmative misrepresentation theory.

### 1. Omission Theory

To state a claim under the CLRA based on a fraudulent omission, "the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006); *accord Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). In *Wilson*, the Ninth Circuit held that a company's duty to disclose is "limited to [its] warranty obligations absent either

an affirmative misrepresentation or a safety issue," and that a plaintiff proceeding on an omission theory must "allege that the design defect caused an unreasonable safety hazard." *Id.* at 1141, 1143.

Earlier this year, the Ninth Circuit addressed a plaintiff's argument that intervening decisions of the California Court of Appeal undercut *Wilson*'s holding. *Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018). The plaintiff in *Hodsdon* alleged that the CLRA obligated "certain food manufacturers to disclose, on their products' labels, that the products' supply chain may involve child or slave labor." *Id.* at 859. The Ninth Circuit in *Hodsdon* explicitly declined to "either rely[] on or overrul[e] *Wilson*," and instead concluded that the plaintiff had failed to satisfy even the standards applied in the intervening California Court of Appeal cases. *Id.* at 862. The Ninth Circuit stated that the California Court of Appeal cases require a manufacturer to disclose only "physical defects that affect the central function" of the product in question. *Id.* at 860. Because the plaintiff in *Hodsdon* had not sufficiently alleged that "the defect in question . . . affects the central functionality" of the products in question, the Ninth Circuit affirmed the district court's dismissal with prejudice of the plaintiff's CLRA and UCL claims. *Id.* at 862. The Ninth Circuit further observed that the "central function" cases "are not necessarily irreconcilable with *Wilson* because, where the challenged omission does not concern a central functional defect, the plaintiff may still have to plead a safety hazard to establish that the defendant had a duty to disclose." *Id.* at 864.

Plaintiff cites an unpublished district court case for the proposition that *Wilson* and its progeny apply only in "product defect" cases. *Estee Lauder v. Herrera*, 2012 WL 12507876, at *5 (C.D. Cal. Sept. 20, 2012) (evaluating plaintiff's allegations that a company failed to disclose animal testing in its supply chain). However, *Herrera* predates the Ninth Circuit's published decision in *Hodsdon*, which applied the "central function" test to similar allegations about non-disclosures of supply chain practices. 891 F.3d at 862. *Hodsdon*'s clear holding erases any persuasive value *Herrera* might have had. Moreover, Plaintiff ignores that his case is a product defect case rather than a supply chain case, as Plaintiff alleges that Samsung products dropped in

11
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

value because they infringed Apple's patents. SAC ¶ 34.

Thus, *Hodsdon* applies to Plaintiff's SAC. To satisfy the *Hodsdon* standard for a CLRA omission claim, Plaintiff must allege that Samsung's omission either implicates a safety hazard or concerns a central function of the Galaxy SIII. 891 F.3d at 864. Plaintiff has failed to do so. Plaintiff alleges only that Samsung "failed to adequately disclose the material fact of infringement" to consumers. SAC ¶ 67. Plaintiff does not allege that infringement at all affects the Galaxy SIII's functionality, nor does Plaintiff allege that infringement implicates a safety hazard.

Plaintiff's omission theory suffers from another fundamental problem—namely, that Samsung *did not* omit information related to infringement. In the SAC, Plaintiff alleges that he "could not have viewed any information, advertisements, labeling or packaging containing the omitted material because Defendants intentionally withheld this information." SAC ¶ 38. However, as the Court explained in its previous Order, Samsung expressly disclaimed the implied warranty of non-infringement. ECF No. 67-2; *see* ECF No. 107 at 9–11 (Court so concluding). Thus, Plaintiff's allegation of an omission is contradicted by the Court's prior finding. For all of the above reasons, Plaintiff has failed to state a CLRA claim on an omission theory.

### 2. Affirmative Misrepresentation Theory

The Court next addresses Plaintiff's affirmative misrepresentation theory, which is predicated on Samsung's use of its own brand name. Plaintiff's misrepresentation claim is "governed by the 'reasonable consumer' test." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). That test requires Plaintiff to "show that members of the public are likely to be deceived" by Samsung's alleged misrepresentation. *Id.* (internal quotation marks omitted).

Plaintiff alleges that "Defendants' use of the brand name 'Samsung,' when, in fact, the Products infringed on the patents of Apple is misleading to a consumer who believed they were purchasing a device with Samsung brand parts." SAC ¶ 38. Plaintiff raised the same theory in his opposition to Samsung's prior motion to dismiss Plaintiff's amended complaint, even though Plaintiff failed to plead the theory in his amended complaint. *See* ECF No. 98 at 15–16 (arguing

12

Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

that Samsung's use of "the Samsung name and brand" was a misrepresentation). In the Court's previous Order, the Court observed that Plaintiff "cites no case holding that a manufacturer's use of its own name on products it manufactured is misleading." ECF No. 107 at 17. Plaintiff has not been able to identify any in the interim, as Plaintiff acknowledges that there are "no cases directly on point" with his theory that Samsung's use of its own brand name on products that Samsung manufactured is misleading. Opp. at 14.

In his brief, Plaintiff contends that Samsung's use of its brand name was deceptive because "significant components of the products were not that of Samsung, but rather that of its rival Apple." Opp. at 10. Yet nowhere in Plaintiff's SAC does Plaintiff allege that Plaintiff's Galaxy SIII in fact included Apple components. The three district court cases Plaintiff relies on illustrate the futility of Plaintiff's argument. In all three cases, the plaintiffs alleged that the labels on the products-in-issue included false promises about the *nature* of the products. *See Martinez-Leander v. Wellnx Life Scis., Inc.*, 2017 WL 2616918, at *7 (C.D. Cal. Mar. 6, 2017) (denying motion to dismiss allegation that label falsely promised "effective weight loss" even though product was "completely incapable of aiding in weight loss"); *Morales v. Unilever U.S., Inc.*, 2014 WL 1389613, at *1, 7 (E.D. Cal. Apr. 9, 2014) (denying motion to dismiss allegation that shampoo label's use of "natural" was false because shampoo included synthetic ingredients); *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 891, 898 (N.D. Cal. 2012) (denying motion to dismiss allegation that brand name including the term "organic" falsely implied that product was produced organically).

By contrast, the brand name "Samsung" makes only one representation: that the phone Plaintiff purchased was a Samsung phone. Plaintiff's SAC includes no facts alleging that Plaintiff's phone was not a Samsung phone. To the extent Plaintiff argues in his brief that Samsung's infringement of Apple's patents renders the Samsung phone an "Apple product," Plaintiff offers no such allegations in the SAC or legal authority to support that argument. Fundamentally, Plaintiff also ignores that Samsung *disclaimed* any warranty of non-infringement. ECF No. 107 at 9–11 (Court so concluding in previous Order). In light of that specific, express

13

disclaimer, Plaintiff cannot plausibly claim that a consumer would understand the brand name "Samsung" on a package label to mean that the phone in that package included no parts infringing another's patent. Thus, the Court concludes that Plaintiff has again failed to allege a misrepresentation or omission under the CLRA.

In its previous Order, the Court granted Plaintiff leave to amend his CLRA claim "because Plaintiff may be able to allege sufficient facts to state a claim under the CLRA." ECF No. 107 at 18. However, the Court gave Plaintiff notice that "failure to cure the deficiencies identified herein will result in a dismissal with prejudice of the deficient claims or theories." *Id.* at 21. Plaintiff has failed to cure the deficiencies that the Court identified. For example, in the Court's previous Order, the Court explained that Plaintiff "cite[d] no case holding that a manufacturer's use of its own name on products it manufactured is misleading." *Id.* at 17. Nonetheless, the only affirmative misrepresentation Plaintiff alleges in the SAC is Samsung's use of its own brand name. SAC ¶ 70. Plaintiff did not allege new facts; he only more clearly articulated his "brand name" theory. The Court concludes from Plaintiff's repeated failure to allege an affirmative misrepresentation or even identify one in his brief that further amendment would be futile. *See Carvalho*, 629 F.3d at 892–93. Moreover, amendment of Plaintiff's omission theory also would be futile because the Court has concluded that Samsung disclaimed the warranty of non-infringement, and thus *did not* omit information about the infringing nature of the Galaxy SIII. *See* ECF No. 107 at 9–11. Finally, forcing Samsung to repeatedly litigate Plaintiff's futile "brand name" theory and futile omission theory would cause undue prejudice to Samsung.

Accordingly, the Court GRANTS Samsung's motion to dismiss Plaintiff's CLRA claim with prejudice because Plaintiff failed to cure the deficiencies previously identified by the Court, amendment would be futile, and amendment would cause undue prejudice to Samsung. *Carvalho*, 629 F.3d at 892–93.

### D. Unfair Competition Law

Plaintiff alleges that Samsung violated California's UCL. The UCL creates a cause of action for business practices that are (1) unlawful, (2) unfair, or (3) fraudulent. Each "prong" of

14

the UCL provides a separate and distinct theory of liability. *Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007). Here, Plaintiff alleges that Samsung violated all three prongs of the UCL. SAC ¶¶ 75 (alleging that Samsung's actions "constitute unfair and unlawful business acts and practice"), 83 (alleging that Samsung's actions "are fraudulent"). The Court addresses each prong in turn.

### 1. Unlawful Prong

The unlawful prong of the UCL prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law." *Cel-Tech Commc'ns., Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (quotation marks and citations omitted). "By proscribing 'any unlawful' business practice, the UCL permits injured consumers to 'borrow' violations of other laws and treat them as unlawful competition that is independently actionable." *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1225 (N.D. Cal. 2014) (quoting *CelTech Commc'ns.*, 20 Cal. 4th at 180).

Plaintiff's unlawful prong claim rests on Samsung's alleged violations of (1) the warranty of non-infringement, (2) the CLRA, and (3) the Tariff Act of 1930. SAC ¶ 79. Because the Court has dismissed Plaintiff's warranty claim with prejudice, Plaintiff may not rely on that claim as a predicate for an unlawful prong UCL claim. *See Ng v. US Bank, NA*, 2016 WL 5390296, at *8 (N.D. Cal. Sept. 26, 2016) (dismissing UCL claim premised on predicate violations that had been dismissed with prejudice). Similarly, Plaintiff may not rely on Samsung's alleged CLRA violation, as the Court in this Order dismisses that claim with prejudice. *See Arena Rest. & Lounge LLC v. S. Glazer's Wine & Spirits, LLC*, 2018 WL 1805516, at *13 (N.D. Cal. Apr. 16, 2018) ("[T]o the extent that Plaintiffs' UCL claim is derivative of the other claims in the SAC that the Court dismisses in this order, the derivative UCL claim must also be dismissed.").

That leaves Plaintiff's allegation that Samsung violated the Tariff Act of 1930. In its previous Order, the Court concluded that the amended complaint's bare "reference to [the Tariff Act] is simply insufficient to support a UCL unlawful prong claim." ECF No. 107 at 13. In the SAC, Plaintiff alleges that Samsung violated the Tariff Act of 1930 because "it is a violation of

15
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

the Tariff Act of 1930 for any party to sell a product that contains an infringing patent." SAC ¶ 82. Thus, Plaintiff theorizes, Plaintiff and other purchasers are "in jeopardy if they try to resell the Infringing Products they purchased." *Id.*

However, Plaintiff's attempt to rely on the Tariff Act of 1930 fails because Plaintiff has not alleged any harm from Samsung's violation of the Tariff Act of 1930. Under the UCL, a plaintiff must demonstrate that the plaintiff's "economic injury was the result of, i.e., caused by, the unfair business practice" or statutory violation. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2012) (emphasis removed). Plaintiff pleads no facts to support his conclusory assertion that the Tariff Act places him "in jeopardy." To the contrary, the Tariff Act notice that the United States International Trade Commission ("ITC") issued prohibits only Samsung entities from "further importing, selling, and distributing articles that infringe" Apple patents.[4] ECF No. 125-2. Similarly, the ITC's cease-and-desist orders issued to Samsung prohibit *Samsung* from "importing, selling, marketing, advertising, distributing, transferring (except for exportation), and soliciting U.S. agents or distributors for, electronic digital media devices" covered by certain infringed patents. ECF Nos. 125-4 at 1 & 125-5 at 1. Plaintiff does not allege that *Plaintiff* has suffered any harm from the ITC's cease-and-desist orders to Samsung or that Plaintiff has "lost money or property as a result" of Samsung's Tariff Act violation. *Kwikset*, 51 Cal. 4th at 322. Without a predicate statutory violation, Plaintiff's unlawful prong UCL claim must fail.

### 2. Unfair Prong

The unfair prong of the UCL prohibits a business practice that "violates established public policy or if it is immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1473 (2006). California law "is currently unsettled with regard to the standard applied to consumer claims under

---

[4] At the motion to dismiss stage, the Court may take judicial notice of public records, including public records from other judicial proceedings. *See Shaw*, 56 F.3d at 1129 n.1 (taking judicial notice of court's order on a *Batson* challenge). Plaintiff does not contest the veracity of the ITC orders attached to Samsung's reply, and in fact attached one to the SAC. *See* SAC, Ex. D. Thus, the Court takes judicial notice of the ITC orders. *See Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1123 n.3 (N.D. Cal. 2003) (taking judicial notice of ITC filings).

the unfair prong of the UCL." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017). Specifically, "[t]he California Supreme Court has rejected the traditional balancing test for UCL claims between business competitors and instead requires that claims under the unfair prong be 'tethered to some legislatively declared policy.'" *Id.* (quoting *Cel-Tech*, 20 Cal. 4th at 186).

Nevertheless, "[r]egardless of the test, courts in this district have held that where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Id.* at 1104–05 (dismissing cause of action under UCL unfair prong because it overlapped with plaintiff's dismissed claims under the unlawful and fraudulent prongs); *see Punian v. Gillette Co.*, 2016 WL 1029607, at *17 (N.D. Cal. Mar. 15, 2016) (holding cause of action under the unfair prong of the UCL did not survive where the "cause of action under the unfair prong of the UCL overlaps entirely with Plaintiff's claims" under the FAL, CLRA, and fraudulent prong of the UCL that also do not survive); *see also In re Actimmune Mktg. Litig.*, 2009 WL 3740648, at *14 (N.D. Cal. Nov. 6, 2009), aff'd, 464 F. App'x 651 (9th Cir. 2011) (dismissing unfair prong UCL cause of action where "plaintiffs' unfair prong claims overlap entirely with their claims of fraud" that were dismissed).

The Court previously dismissed Plaintiff's unfair prong UCL claim because the unfair prong claim "entirely overlap[ped]" with Plaintiff's unlawful prong UCL allegations. ECF No. 107 at 14–15. The unfair prong UCL claim in the SAC is no different. For example, Plaintiff alleges that Samsung's conduct was unfair because "Defendants omitted material information, namely that the Products infringed upon the patents of Apple" and represented that Samsung's products "contained 'Samsung' component parts, when in fact, the Products contained component parts that infringed on the patents of Apple." SAC ¶ 78. Those same allegations form the basis of Plaintiff's failed CLRA claim. *Id.* ¶ 70. Plaintiff himself concedes that his unfair prong UCL claim overlaps with his unlawful prong UCL claim. Opp. at 18 (arguing that Plaintiff's unfair

17

Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

prong UCL claim must survive because his unlawful prong UCL claim survives). Thus, because Plaintiff's unlawful prong UCL claim fails, Plaintiff's unfair prong UCL claim also fails. *Hadley*, 243 F. Supp. 3d at 1104–05 (dismissing unfair prong UCL claim that was "based on the same contentions" underlying plaintiff's failed unlawful prong UCL claim).

### 3. Fraudulent Prong

Plaintiff's SAC includes the new allegation that Samsung violated the fraudulent prong of the UCL. SAC ¶ 83. In its Order, the Court dismissed Plaintiff's UCL cause of action, but "afford[ed] Plaintiff leave to amend because Plaintiff may be able to allege sufficient facts to state a cause of action under the UCL's *unfair or unlawful* prongs." ECF No. 107 at 15 (emphasis added). The Court further ordered that Plaintiff "may not add new causes of action . . without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15." *Id.* at 21. Plaintiff does not attempt to defend Plaintiff's unauthorized addition of the fraudulent prong claim in his briefing. Opp. at 19 (skipping from unfair prong argument to unjust enrichment argument). Regardless, Plaintiff's claim under the fraudulent prong must be dismissed because Plaintiff's CLRA claim fails, and "causes of action under . . . the CLRA [] and the fraudulent prong of the UCL rise or fall together." *Hadley*, 243 F. Supp. 3d at 1089.

In its previous Order, the Court granted leave to amend Plaintiff's unlawful prong UCL cause of action because "Plaintiff may be able to allege sufficient facts to state a cause of action . . . by alleging a violation of the CLRA or Tariff Act of 1930." ECF No. 107 at 13. The Court concluded that "Plaintiff's one-sentence reference to the [Tariff Act] is simply insufficient to support a UCL unlawful prong claim." *Id.* The Court gave Plaintiff notice that "failure to cure the deficiencies identified herein will result in a dismissal with prejudice of the deficient claims or theories." *Id.* at 21.

Plaintiff has failed to cure the deficiencies that the Court specifically identified for Plaintiff. As the Court explained above, Plaintiff alleges no new facts to support a CLRA-based UCL claim. Moreover, Plaintiff's SAC alleges no new facts to support Plaintiff's Tariff Act-based claim. The SAC only clarifies that Plaintiff relies on Samsung's Tariff Act violation and

18
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

adds conclusory allegations that the Tariff Act violation harmed purchasers in general. SAC ¶ 82. Plaintiff does not even allege that Samsung's Tariff Act violation harmed Plaintiff himself. *Id.* (alleging only that the Tariff Act violation "placed *consumers* . . . in jeopardy") (emphasis added). Nor does Plaintiff identify in his brief any additional facts that he could allege to support a UCL claim. Plaintiff even added a fraudulent prong UCL claim to the SAC without authorization, which is further evidence of Plaintiff's non-compliance with the Court's Order. Finally, forcing Samsung to repeatedly litigate Plaintiff's futile UCL theories would cause undue prejudice to Samsung. Accordingly, the Court GRANTS Samsung's motion to dismiss Plaintiff's CLRA claim with prejudice because Plaintiff failed to cure the deficiencies previously identified by the Court, amendment would be futile, and amendment would cause undue prejudice to Samsung. *Carvalho*, 629 F.3d at 892–93.

### E. Unjust Enrichment

Plaintiff's last remaining cause of action is for "restitution / unjust enrichment." SAC ¶¶ 88–89. "The elements of a claim of quasi-contract or unjust enrichment are (1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017) (citing *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008)). "Unjust enrichment is an equitable claim that sounds in implied or quasi-contract." *Id.* "The doctrine applies where plaintiffs, while having no enforceable contract, nonetheless have conferred a benefit on defendant which defendant has knowingly accepted under circumstances that make it inequitable for the defendant to retain the benefit without paying for its value." *Hernandez v. Lopez*, 180 Cal. App. 4th 932, 938 (2009). The Ninth Circuit has found that California recognizes an independent cause of action for unjust enrichment. *Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017).

In its previous Order, the Court dismissed Plaintiff's unjust enrichment claim because Plaintiff had "not alleged facts showing that it was unjust for Samsung to keep Plaintiff's money when Samsung did not warrant that the Galaxy SIII was non-infringing." ECF No. 107 at 18. Plaintiff's unjust enrichment claim rested on Samsung's alleged failure to inform Plaintiff that the

19
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE

phone infringed Apple's patents, but Samsung "expressly disclaimed any warranty of non-infringement," which "doom[ed] Plaintiff's unjust enrichment claim." *Id.* at 18–19. The Court granted Plaintiff leave to amend "because Plaintiff may be able to allege sufficient facts to state a claim of unjust enrichment." *Id.* at 19.

Plaintiff has failed to cure the deficiencies the Court identified. The gravamen of Plaintiff's unjust enrichment claim remains that Samsung was unjustly enriched because Samsung did not disclose to Plaintiff that certain "component parts . . . infringed upon Apple's patents." SAC ¶ 90. Thus, Plaintiff's unjust enrichment claim relies on the same omission theory as Plaintiff's CLRA claim. However, Samsung expressly disclaimed any warranty of non-infringement, *see* ECF No. 107 at 9–11 (Court so concluding), which doomed Plaintiff's omission-based CLRA claim and which also—for the second time—dooms Plaintiff's unjust enrichment claim. The SAC does not allege facts showing that it was unjust for Samsung to keep Plaintiff's money when Samsung did not warrant that the Galaxy SIII was non-infringing. *See Peterson*, 164 Cal. App. 4th at 1593 ("There is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected.").

Accordingly, the Court GRANTS Samsung's motion to dismiss Plaintiff's unjust enrichment claim with prejudice because Plaintiff failed to cure the deficiencies previously identified by the Court, amendment would be futile, and forcing Samsung to repeatedly litigate Plaintiff's futile unjust enrichment claim would cause undue prejudice to Samsung. *Carvalho*, 629 F.3d at 892–93.

## IV. CONCLUSION

For all of the above reasons, the Court dismisses Plaintiff's SAC in its entirety with prejudice.

**IT IS SO ORDERED.**

Dated: December 3, 2018

_____
LUCY H. KOH
United States District Judge

20
Case No. 14-CV-00530-LHK
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE